Andrea **KORNBLUH** on behalf of herself and all others similarly situated and John Kornbluh, Plaintiffs,

v.

The **STEARNS AND FOSTER COMPANY**, Defendant.

No. C-1-75-421.

United States District Court, S. D. Ohio, W. D.

Aug. 20, 1976.

Robert F. Laufman, Cincinnati, Ohio, for plaintiffs.

Robert J. Townsend, Cincinnati, Ohio, for defendant.

## ORDER CERTIFYING ACTION AS CLASS ACTION

HOGAN, Chief Judge.

This is a Title VII sex discrimination case brought by the plaintiff Andrea Kornbluh against the defendants Stearns and Foster Company ("Stearns & Foster") under 42 U.S.C. § 2000e et seq. The plaintiff John Kornbluh also seeks relief under Title VII, but that action is not relevant to the plaintiff's motion to certify this action as a class action. Pursuant to Rule 23, Federal Rules of Civil Procedure, plaintiff Andrea Kornbluh seeks to represent

all female persons who have applied at defendant's Lockland, Ohio facility since March 1, 1974 or will apply at the Lockland facility in the future and who were not hired or will not be hired because they are female.

\* \* \* \* \* \*

Andrea Kornbluh applied for factory work at the Stearns & Foster facility in Lockland, Ohio on August 1, 1974. On August 16, 1974 the plaintiff was told only certain jobs were available to women at Stearns & Foster and that only certain jobs without lifting were given to women. During August and September of 1974 Stearns & Foster hired 64 men and no women for factory work. Fifty-five women had ap-

plied for factory work during that period. Without reproducing statistics in detail, it would be fair to state that of the 1100 employees at Stearns & Foster's Lockland facility in August of 1974, the 200 female employees were predominately engaged in clerical work or were in semi-skilled factory positions, such as sewing, which required no heavy lifting. The defendant had a policy under which persons of small stature, including females, were generally not considered for certain positions.

\* \* \* \* \* \*

The party moving to certify a class has the burden of proving that a class action is justified and that all the prerequisites to a class action are met. *Cash v. Swifton Land Corp.,* 434 F.2d 569 (6th Cir. 1970). While Title VII suits are often amenable to class action, see e. g., *Rich v. Martin-Marietta Corp.,* 522 F.2d 333 (10th Cir. 1975), not all Title VII cases automatically qualify under the requirements of Rule 23, *Mason v. Calgon Corp.,* 63 F.R.D. 98 (W.D.Pa.1974).

Rule 23 requires in relevant part:

(a) Prerequisites to a Class Action.

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Class actions Maintainable.

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

\* \* \* \* \* \*

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final in-

junctive relief, or corresponding declaratory relief with respect to the class as a whole * * *.

■ Plaintiffs have stated fifty-five women applied to Stearns & Foster for factory work in the two-month period of August-September, 1974. It appears to this Court that the large number of female applicants at Stearns & Foster since March 1, 1974 will satisfy the numerosity requirement of Rule 23(a)(1). Since the joinder of all such applicants will be extremely difficult or impracticable, *Harris v. Palm Springs Alpine Estates, Inc.,* 329 F.2d 909, 913–914 (9th Cir. 1964), the requirements of Rule 23(a)(1) have been met.

■ Subsections (2) and (3) of Rule 23(a) require that questions of law and fact be common to the plaintiff and the class to be represented, and further require that the plaintiff's complaint be typical of that of the members of the class. Even without reference to the applicable authority cited by the plaintiff in favor of a liberal interpretation of the requirements of Rule 23(a)(2) and (3) in Title VII cases, this Court is of the opinion that female job applicants, notwithstanding potential differences in physical size and strength, all experience an allegedly common treatment by the defendant, and we find Andrea Kornbluh satisfies the requirements of Rule 23(a)(2) and (3).

Nor is there any question that the plaintiff will adequately protect the interests of the class. Plaintiff is represented by capable counsel, *see Clemons v. Runck,* 402 F.Supp. 863, 871, n.6 (S.D.Ohio 1975), has vigorously pursued her administrative remedies, and has no conflict of interest. The Court concludes the plaintiff meets the requirements of Rule 23(a).

■■ For an action to fall within Rule 23(b)(2), two factors must be present. First, the defendant's conduct or refusal to act must be "generally applicable" to the class. Secondly, final injunctive or corresponding declaratory relief must be re-

quested for the class. This action satisfies both elements.

■ Defendant's only remaining argument in opposition to the certification of the class is that, in the context of this particular case "the end result will be the same whether or not we now proceed as a class action," and urges the Court to exercise its discretion in denying the certification of the class. This Court is of the opinion that if the prerequisites of the Rule are otherwise met, the Court may not deny class status because there is "no need," 7A Wright & Miller, *Federal Practice and Procedure,* § 1785 p. 41 (1974 Supp.); *Fujishima v. Board of Education,* 460 F.2d 1355 (7th Cir. 1972); *contra, Schneider v. Margossian,* 349 F.Supp. 741, 746 (D.Mass.1972). While there is authority in this District to support the premise that the Court may take into account proper considerations related to the elements of Rules 23(a)(1)–(4) and 23(b), *J. M. Woodhull, Inc. v. Addressograph-Multigraph Corp.,* 62 F.R.D. 58 (S.D. Ohio, 1974), no such consideration is presently before this Court.

Having found this action otherwise qualified and appropriate under Rule 23, and further finding no persuasive reasons to otherwise deny certification, this Court certifies that this action may proceed as a Rule 23(b)(2) class action.[1]

IT IS SO ORDERED.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON CLAIMS OF CO–PLAINTIFF JOHN KORNBLUH

This is a sex discrimination case brought by the plaintiffs under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* This action is before the Court pursuant to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, in which the defendant Stearns & Foster Company (Stearns & Foster) assert that there is no material issue of fact as to the claims of the plaintiff John Korn-

---

1. The parties appear to agree and the Court so finds that there is no question that the plaintiff

Andrea Kornbluh, but not the plaintiff John Kornbluh, represents the class certified herein.

bluh under 42 U.S.C. § 2000e–3(a). For the reason stated below, the motion is denied.

John Kornbluh was employed by the defendant from March 23, 1973 until his dismissal on April 14, 1975.

In August of 1974 the plaintiff wife, Andrea Kornbluh, applied for factory work at Stearns & Foster. Andrea Kornbluh was not hired. Thereafter she engaged in picketing at the Stearns & Foster, Lockland, Ohio plant and subsequently filed a complaint against the defendant with the EEOC, alleging sex discrimination in employment practices. These events received substantial media coverage. Mrs. Kornbluh was publicly identified by name on material distributed by the picketers. Mrs. Kornbluh listed her husband's name on her employment application form.

On September 18, 1974, an absentee/tardy report on John Kornbluh was sent by Tom Marlow, defendant's employment supervisor, to John Kornbluh's foreman. This report contained a notation which concluded: "About all we can do now is not give him permission to be off unless he has a *very* good reason (not personal business)."

On March 3, 1975 Tom Marlow travelled to Antioch College at Yellow Springs; Ohio, to investigate an anonymous call which had inferred Andrea Kornbluh had been a student at Antioch, a fact not included on her job application to Stearns & Foster. While checking this information Marlow discovered John Kornbluh had also been a student at Antioch from 1967 to 1971. Subsequent investigation revealed John Kornbluh had not reported this information on his application to Stearns & Foster.

After discovering the discrepancies in educational qualifications, Marlow investigated statements of previous employment on Kornbluh's application with Admiral Craft, a New York company. Admiral Craft ultimately reported employment data which differed significantly from that reported by Kornbluh on his application.

Subsequent conferences, confrontations and hearings between John Kornbluh and Stearns & Foster officials established that Kornbluh had given false or incomplete information on his application. Kornbluh was fired on April 14, 1975. The reason given was that he deliberately and knowingly falsified his employment application.

A grievance was filed and processed to final arbitration by Kornbluh and the Union. The record is clear that the Union fairly represented Kornbluh throughout the entire proceeding (including the arbitration); that the arbitration proceeding was conducted in a full and fair fashion; the issues of falsification of the employment application and whether or not the discharge was retaliatory (Title VII, 704(a)) were fairly raised and expressly determined adversely to Kornbluh.

John Kornbluh also participated in a hearing before the Ohio Bureau of Employment Services (OBES) on August 11, 1975. It appears that substantially the same issues were raised. The OBES concluded, after reviewing the evidence, that the application information varied extensively from the truth and that there was no proof that the discharge of John Kornbluh was retaliatory. The appeal of this finding was rejected by the OBES Board of Review.

On June 10, 1975, the Ohio Civil Rights Commission (OCRC) found probable cause existed to credit the charges raised by John Kornbluh against the defendant. On February 23, 1976 the Equal Employment Opportunity Commission (EEOC) after examining the Ohio Civil Rights Commission's findings and the record presented, concluded that there was reasonable cause to believe the charge of Kornbluh against Stearns & Foster is true.

Rule 56 provides that the moving party must show there is no remaining issue of material fact and that he is entitled to judgment as a matter of law. Rule 56 further provides that:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided by this rule,

must set forth specific facts showing that there is a genuine issue for trial.

■ In an action brought under the "retaliation" provisions of 42 U.S.C. § 2000e–3(a) the plaintiff is, notwithstanding proof of an otherwise legitimate reason for discharge, entitled to be heard on the issue of whether the otherwise valid basis for dismissal was exercised as a pretext for dismissal based upon reasons prohibited by Title VII, *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 804, 806, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ The test of whether a "genuine issue of material fact" remains unresolved is whether the evidence presented is subject to conflicting interpretations, *S. J. Groves & Sons Co. v. Ohio Turnpike Commission*, 315 F.2d 235, 237–238 (6th Cir. 1963), *cert. denied*, 375 U.S. 824, 84 S.Ct. 65, 11 L.Ed.2d 57, or reasonable persons might differ as to its significance, *Croley v. Matson Navigation Corp.*, 434 F.2d 73, 74–76 (5th Cir. 1971), 10 Wright & Miller *Federal Practice and Procedure* § 2275, p. 517 (1973).

■ The defendant claims that there is no dispute as to the fact that Stearns & Foster has invariably discharged employees who have falsified employment applications promptly upon the discovery of the falsification. On the present record there appears to be a dispute of fact on that question and we cannot say on the present record that the arbitrator either was presented with all of the evidence thereon or made any finding of fact with respect thereto. (It is true that the arbitrator found that the falsification was a falsification in substance and furnished just cause for dismissal.) However, that is not the end of the matter which involves issues of pretextuality and retaliatoriness in this context. In a Title VII case it is sufficient that the plaintiff show that the retaliation played any part in his dismissal; or, stated otherwise, a showing of another sufficient cause does not remove the issue. See *United States v. Hayes Int'l. Corp.*, 6 FEP Cases 1328, 1330 (N.D.Ala.1973), *aff'd* 507 F.2d 1279, 10 FEP Cases 1481 (8th Cir. 1975).

■ It is the defendant's claim essentially that under the facts of this case the arbitrator's award has set at rest every question of fact between the parties. The defense relies on footnote 21 in *Alexander v. Gardner-Denver*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). In that footnote the Court pointed out the relevant factors to be considered in determining the weight to be accorded an arbitral decision in a situation, such as this, in which the employee loses at arbitration and then prosecutes a Title VII claim. The record in this case does indicate that all of the relevant factors except one were and are satisfied by the arbitration proceeding. As we have pointed out, the degree of procedural fairness was high, the arbitrator was thoroughly competent, the record in respect of the issue of discrimination is adequate, and the basic issues were specifically passed on. The one unsatisfied factor is the existence of provisions in the collective bargaining agreement that conform substantially with Title VII as construed by the courts and specifically the contributing cause construction. Even if that factor were present, we are not satisfied that the footnote means or dictates that an arbitration award made under the factor satisfying circumstances would be of sufficient "weight" on which to base a summary judgment. We are cited to no case which so holds. The fundamental issue would still remain in a Title VII summary judgment proceeding and that is whether on the record as it exists there is a question of fact.

On this record there does appear to be a question of fact on the retaliatory problem (by reason of the tardiness memo and the record or non-record for discharges for application falsification). The motion for summary judgment is therefore denied.