EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION,
Plaintiff–Appellant,

v.

OHIO EDISON COMPANY,
Defendant–Appellee.

No. 92–3173.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 16, 1992.

Decided Oct. 20, 1993.

Jeffrey A. Stern, E.E.O.C., Cleveland, OH, Robert J. Gregory (argued and briefed), Washington, DC, for plaintiff-appellant.

Gregory P. Szuter (briefed), Buckley, King & Bluso, Cleveland, OH, Gary D. Benz (argued), Ohio Edison Co., Akron, OH, for defendant-appellee.

Before: MARTIN and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Plaintiff-appellant, Equal Employment Opportunity Commission (EEOC), appeals the district court's dismissal of this action against defendant-appellee, Ohio Edison, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim in this retaliation case under 42 U.S.C. § 2000e–3(a).

### I.

On July 20, 1988, Johnnie Whitfield (Whitfield) was discharged from his employment with defendant Ohio Edison (Edison). Shortly afterward, Edison made an offer to reinstate Whitfield. Allegedly, Edison rescinded that offer following a meeting with management at which another Edison employee protested Whitfield's discharge. Specifically, the employee, who is black, complained that Whitfield, who is also black, had been treated more harshly than similarly situated white employees, and that court action was being contemplated.

Whitfield filed a charge with the EEOC, who investigated the matter. On behalf of Johnnie Whitfield, the charging party, the EEOC filed a complaint in the United States District Court for the Northern District of Ohio alleging that defendant, Ohio Edison, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3(a), by withdrawing an offer to reinstate Whitfield in retaliation for a co-employee's engaging in protected activity under Title VII.

Defendant Edison filed a motion to dismiss the case under Fed.R.Civ.P. 12(b)(6) or, in the alternative, a motion for a more definite statement under Fed.R.Civ.P. 12(e). In its memorandum in opposition to defendant's Rule 12(b)(6) motion, plaintiff asserted:

> It has been conclusively established that in January, 1989, Defendant received an accurate copy of Mr. Whitfield's Charge of Discrimination, EEOC Charge No. 220890497, which stated in pertinent part:
>
>> During a meeting with management in October 1988, my representative cited several incidents involving Caucasian employees where they were not treated as I was treated. After hearing my representative mention a court action to redress my termination, the Company rescinded a proposal that was previously offered.

The district court granted defendant's Rule 12(b)(6) motion for failure to state a claim, stating that "the language of 42 U.S.C. § 2000e–3(a) does not apply to retaliatory discrimination against an employee for the protected activity of another employee."

The plaintiff, EEOC, timely filed this appeal.

### II.

Defendant Edison argues that the district court did not err in dismissing the case under Fed.R.Civ.P. 12(b)(6) because even if all of EEOC's allegations are true, any action is not cognizable under Title VII because Title VII does not protect an inactive employee from retaliation based on the actions of some other employee.

Section 704(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3(a) provides in pertinent part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

In order to succeed on a claim of retaliation, the plaintiff must show: (1) that he engaged in activity protected by Title VII; (2) that he was the subject of adverse employment action; and (3) that there exists a causal link between his protected activity and the adverse action of his employer. *Jackson v. RKO Bottlers of Toledo, Inc.*, 743 F.2d 370, 375 (6th Cir.), *cert. denied*, 478 U.S. 1006, 106 S.Ct. 3298, 92 L.Ed.2d 712 (1984). The statute makes it unlawful for an employer to discriminate against an employee because the employee opposed an unlawful employment practice, or made a charge, or participated in an investigation, proceeding, or hearing related to Title VII. It does not specifically cover the situation in the present case in which the employee's (or former employee's) representative engages in protected activity on his behalf and the employee, who had his representative act for him, is then retaliated against.

In the present case we believe neither party accurately states the issue. The EEOC contends that Title VII prohibits employers from discriminating against any and all third parties in retaliation for a co-employee's protected activity and that it is not necessary to establish in the complaint a causal link between the two. Defendant Ohio Edison contends that the statute says nothing about third parties and only prohibits acts of retaliation against the person actually engaged in the protected activity. Neither addresses the issue of retaliation against an employee when he has asked another employee to act on his behalf in protesting allegedly discriminatory practices.

The district court concluded that because the statute does not specifically cover discrimination against one employee for the acts of another, plaintiff failed to state a claim. This conclusion is contrary to the majority of published cases that address this issue. In several cases, courts have found that if an employer retaliated against a close relative of the person engaging in protected activity, the relative may bring a claim under 42 U.S.C. § 2000e–3(a), even though the relative was not the person engaging in the protected activity. The leading case is *DeMedina v. Reinhardt*, 444 F.Supp. 573 (D.C.1978), *aff'd in part and remanded in part*, 686 F.2d 997 (D.C.Cir.1982), in which a former employee asserted a claim based on allegations that she was discriminated against by the employer in reprisal for the antidiscriminatory activities of her husband. The court in *DeMedina* reasoned as follows:

> It is ... necessary to consider [the employer's] defendant's argument that since plaintiff is not the person whose protected activities are allegedly being impeded by defendant's retaliatory actions, plaintiff fails to state a claim upon which relief can be granted under 42 U.S.C. § 2000e–3. Section 2000e–3 provides:
>
>> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment ... because he has opposed any practice made an unlawful employment practice by this title, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title.
>
> While the language of this section indicates that Congress did not expressly consider the possibility of third-party reprisals—i.e., discrimination against one person because of a friend's or relative's protected activities—the very clear intent of Congress would be undermined by the construction defendant suggests. In enacting section 2000e–3, Congress unmistakably intended to ensure that no person would be deterred from exercising his rights under Title VII by the threat of discriminatory retaliation. Since tolerance of third-party reprisals would, no less than the tolerance of direct reprisals, deter persons from exercising their protected rights under Title VII, the Court must conclude, as has the only other court to consider the issue, *Kornbluh v. Stearns & Foster Co.*, 73 F.R.D. 307, 312 (S.D.Ohio 1976), that section 2000e–3 proscribes the alleged retaliation of which plaintiff complains.

> Defendant finally argues that even if defendant's actions that plaintiff alleges are retaliatory are proscribed by the Act, plaintiff's husband, and *not* plaintiff, is the only person who can seek relief on this claim, [because plaintiff's husband was the

one who engaged in the protected activity]. Such a construction of Title VII would produce absurd and unjust results, for while plaintiff's husband might be in a position to seek injunctive relief to prohibit future reprisals against his spouse, he would certainly not be in a position to seek back pay and/or retroactive promotion based on his spouse's employment denial. Thus, unless plaintiff herself is permitted to seek relief based on the denial of her employment application, the "make whole" purpose of Title VII would be frustrated. Such a result would contravene the express legislative history of Title VII, *see Albemarle Paper Co. v. Moody,* 422 U.S. 405, 419–22, 95 S.Ct. 2362, 2372–74, 45 L.Ed.2d 280 (1975), and would be unacceptable to this Court. Accordingly, the Court holds that plaintiff's allegation of reprisal for her husband's anti-discrimination activities at the USIA states a claim upon which relief can be granted under Title VII.

*Id.* at 580–81.

We agree with the reasoning of the *DeMedina* court that a plaintiff's allegation of reprisal for a relative's antidiscrimination activities states a claim upon which relief can be granted under Title VII.[1] We thus reject the conclusion of the district court in the present case that third parties, who have not actually engaged in protected activities themselves, can never sue under 42 U.S.C. § 2000e–3(a). Even though the statute does not specifically provide for such a claim by a relative who has been discriminated against, the majority of courts, including the Supreme Court, have been willing to construe Title VII and companion provisions under the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), and the Age Discrimination Employment Act (ADEA), 29 U.S.C. § 623(d), broadly in order not to frustrate the purpose of these Acts, which is to prevent fear of economic retalia-

tion from inducing employees "quietly to accept [unlawful] conditions." *See Mitchell v. Robert DeMario Jewelry, Inc.,* 361 U.S. 288, 292, 80 S.Ct. 332, 335, 4 L.Ed.2d 323 (1960). In *Passer v. American Chemical Society,* 935 F.2d 322 (D.C.Cir.1991), for example, the D.C. Circuit held that a former employee could maintain an action under the ADEA's antiretaliation provision. The court noted that the language of the statute, by its terms, barred retaliation "only against 'employees or applicants for employment.'" *Id.* at 330. The court ruled, nonetheless, that the statute must be read to apply to former employees because "[t]o read the statute otherwise would be to deny protection to any person who has suffered discharge or termination due to unlawful discrimination." *Id.* at 331. The court emphasized that Congress "could not have intended such an absurd result." *Id.*

Similarly, in *Bailey v. USX Corp.,* 850 F.2d 1506 (11th Cir.1988), the Eleventh Circuit held that a former employee had standing to sue under Section 704(a) of Title VII, 42 U.S.C. § 2000e–3(a), for retaliatory discharge. The court acknowledged that the plain language of the statute might be read to exclude former employees from the protection of the statute because the statute says "employees or applicants for employment" and does not include an ex-employee, but found that "a strict and narrow interpretation of the word 'employee' to exclude former employees would undercut the obvious remedial purposes of Title VII." *Id.* at 1509. The court determined that the "plain-meaning rule should not be applied to produce a result which is actually inconsistent with the policies underlying the statute." *Id.; see also Pantchenko v. C.B. Dolge Co.,* 581 F.2d 1052, 1055 (2d Cir.1978); *Rutherford v. American Bank of Commerce,* 565 F.2d 1162, 1165–66 (10th Cir.1977). We believe this is

---

**1.** See also *Clark v. R.J. Reynolds Tobacco Co.,* 27 FEP 1628, 1982 WL 2277 (E.D.La.1982) (a prima facie case under 42 U.S.C. § 2000e–3(a) is established if it is alleged that the charging party "was statutorily protected from retaliation by the defendant by being the relative of an employee who has engaged in a statutorily protected activity"); *United States v. City of Socorro,* 25 FEP 815, 1976 WL 523 (D.N.M.1976) (Act was violated when husband was threatened because his

wife was engaging in protected activities); *Kornbluh v. Stearns & Foster Co.,* 73 F.R.D. 307 (S.D.Ohio 1976) (plaintiff entitled to be heard on issue of retaliatory discharge because of his wife's lawful engagement in picketing the employer); *Mandia v. Arco Chemical Co.,* 618 F.Supp. 1248 (W.D.Pa.1985) (42 U.S.C. § 2000e–3 would proscribe retaliation against third party because close relative filed Title VII complaint).

what the district court in the present case has done—applied the plain meaning rule to produce a result inconsistent with the policies underlying the statute.

While this court has not addressed this issue under Title VII, it has adopted the same interpretative strategy in construing the related provisions of the National Labor Relations Act (NLRA) and Fair Labor Standards Act (FLSA). In *Dunlop v. Carriage Carpet Co.,* 548 F.2d 139 (6th Cir.1977), for instance, this court held that former employees were protected by the FLSA's antiretaliation prohibition even though the statute, by its terms, only applied to individuals " 'employed by an employer.' " *Id.* at 142. The Sixth Circuit in *Dunlop* emphasized that "[t]o hold otherwise would do violence to the Congressional intent and purposes of the Act and would prejudice the effective enforcement of the Act." *Id.* at 147. In *NLRB v. Retail Store Employees Union, Local 876,* 570 F.2d 586 (6th Cir.), *cert. denied,* 439 U.S. 819, 99 S.Ct. 81, 58 L.Ed.2d 109 (1978), this court applied a similar analysis in holding that the antiretaliation provision of the NLRA prohibited an employer from firing an employee who refused to testify at a Board hearing despite the fact that the statute, by its terms, applied only to employees who had " 'filed charges or given testimony,' " and literally did not deal with a refusal to give testimony. *Id.* at 590. The court stressed that the purpose of the antiretaliation provision "was to ensure that all persons with information about unfair labor practices 'be completely free from coercion against reporting them to the Board.' " *Id.; see also Brock v. Casey Truck Sales, Inc.,* 839 F.2d 872, 879 (2d Cir.1988) (observing that because the FLSA's retaliation provision plays an important role in " 'foster[ing] a climate in which compliance with [the FLSA's] substantive provisions ... would be enhanced,' " courts have "not hesitated to apply the protection [of the provision] to activities less directly connected to formal proceedings where retaliatory conduct has a similar chilling effect on employees' assertion of rights").

Thus, the D.C. Circuit in *Passer* and the Eleventh Circuit in *Bailey* did not feel constrained by a narrow reading of Title VII, 42 U.S.C. § 2000e–3(a) and interpreted the word "employee" to include the claim of an "ex-employee" as did this circuit in *Dunlop* under the Fair Labor Standards Act. This gives precedence to the argument that the antiretaliation provision of an employment statute should not be construed narrowly if it defeats the purpose of the statute. Moreover, this court has construed the phrase "given testimony" in a related statute broadly to include a claim for a refusal to testify. Most significantly, the Supreme Court in *NLRB v. Scrivener,* 405 U.S. 117, 92 S.Ct. 798, 31 L.Ed.2d 79 (1972) held that the language of a statute should not be read strictly, but should "be read more broadly" if such a reading was also consistent with the "purpose and objective" of the prohibition made illegal by the statute. *Id.* at 122, 92 S.Ct. at 801–02. In the present case, we believe the phrase "he has opposed any practice" should be construed broadly to mean "he or his representative has opposed any practice," because it is consistent with the objective of the Act which is to prohibit retaliation against protected activity. The district court's restrictive interpretation of 42 U.S.C. § 2000e–3(a) would allow an employer to retaliate with impunity if someone engaged a representative to act on his behalf and would frustrate the Act's purpose to prevent retaliation for opposing unlawful employment practices.

As the cases previously cited indicate, courts have routinely adopted interpretations of retaliation provisions in employment statutes that might be viewed as outside the literal terms of the statute in order to effectuate Congress's clear purpose in proscribing retaliatory activity. Contrary to defendant's assertions, courts have frequently applied the retaliation provisions of employment statutes to matters not expressly covered by the literal terms of these statutes where the policy behind the statute supports a non-exclusive reading of the statutory language.

■ We believe that under this line of thought the words in the statute at issue in the present case—"because he has opposed any practice made an unlawful employment practice under this subchapter" should be broadly construed to include a claim in which

an employee, *or his representative,* has opposed any practice made an unlawful employment practice. In the present case, a former employee alleged he was discriminated against by the withdrawal of an offer of reinstatement because a co-employee engaged in protected activity and protested his discriminatory discharge on his behalf and threatened that a claim would be filed for the discriminatory discharge. The causal link in the present case between the person engaging in the protected activity and the person retaliated against is clear, because the person, allegedly engaging in protected activity, was protesting the allegedly unlawful discharge of Whitfield and was allegedly acting on his behalf.

■ Although the complaint failed to indicate any causal link, plaintiff's brief in opposition to the Rule 12(b)(6) motion indicated that Ohio Edison had been notified through the EEOC charge that a co-employee had acted as a representative on Whitfield's behalf, protesting that his discharge was motivated by race and that he was going to file a claim. We believe the district court erred in dismissing the complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim because the allegation of a causal link was apparent. In the alternative, the district court should have granted the motion for a more definite statement under Fed.R.Civ.P. 12(e), in which defendant specifically asked about the alleged protected activity by the co-employee and how the alleged protected activity caused a withdrawal of an offer of re-employment to the charging party, Johnnie Whitfield. As stated by the court in *Estrada v. Siros Hardware,* 39 FEP 597, 1984 WL 2348 (S.D.Tex. 1984), in order to establish a prima facie case under 42 U.S.C. § 2000e–3(a), the complaint must indicate that there was a "causal connection between the participation in protected activity and the adverse employment action." [2] Similarly, in the present case, we believe the complaint must indicate the causal connection in order to fit the person allegedly being retaliated against (Whitfield) within the meaning of the statute. Otherwise, any time that an adverse employment action

is taken by an employer against an employee at the same time a second employee is engaging in protected activity, the first employee could allege retaliation. This would stretch the boundaries of the statute beyond its purpose.

■■ Contrary to defendant's assertion that evidence of the co-employee's protest against the allegedly discriminatory discharge of Whitfield cannot be considered on appeal because it was not in the complaint, we believe this evidence can be considered by this court because it was properly placed in the district court record and was not excluded by the court in its consideration of defendant's 12(b)(6) motion. *See, e.g., Ford Motor Co. v. Summit Motor Products, Inc.,* 930 F.2d 277, 284 (3d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 373, 116 L.Ed.2d 324 (1991); *Rosales v. United States,* 824 F.2d 799, 802 (9th Cir.1987); *Rogers v. Stratton Industries, Inc.,* 798 F.2d 913, 915–16 (6th Cir.1986); Fed.R.Civ.P. 12(b). Furthermore, to the extent that the EEOC can state a valid claim for coverage under a representative theory, the proper course of action is to remand the case and permit the EEOC to amend its complaint. *See, e.g., Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir.1991) ("where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

For these reasons, we believe the case should be remanded to the district court. It was error to dismiss the case for failure to state a claim under Fed.R.Civ.P. 12(b)(6) when the motions before the court indicated the allegation of a causal connection between the protected activity of a co-employee and the retaliation against Whitfield, the charging party. However, defendant was correct in requesting a more definite statement in the complaint itself. The complaint should have indicated that Whitfield came within the coverage of the statute because he engaged in protected activity under Title VII by having a representative oppose his discriminatory discharge on his behalf, and that he was

---

**2.** The *Estrada* Court dismissed the case because of insufficient evidence of a causal connection

between an employee's protected activity and the discharge of the employee's relative.

then retaliated against by having an offer of reinstatement withdrawn.

For this reason, the judgment of the district court is REVERSED and the case is REMANDED so that defendant's motion for a more definite statement under Fed. R.Civ.P. 12(e) may be granted.