51 F.3d 272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin N. MALLAJI, Plaintiff-Appellant,
v.
FEDERAL EXPRESS CORPORATION, Defendant-Appellee.
 No. 94-5227.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1995.
 
 Before: KRUPANSKY, NELSON, and DAUGHTREY, Circuit Judges.
 MEMORANDUM OPINION
 PER CURIAM.
 
 
 1
 The plaintiff-appellant, Kevin N. Mallaji, challenged the district court's entry of summary judgment dismissing his complaint against his former employer, Federal Express Corporation, which complaint sought damages for alleged retaliatory discharge. He alleged that his former employer illegally terminated his employment because he exercised his legal rights by initiating complaints before the Equal Employment Opportunity Commission and internal company grievance procedures in which he contended that Federal Express refused to promote him because of his Kuwaiti ethnic origin.
 
 
 2
 This court has reviewed the Joint Appendix and the briefs submitted by the parties, and has considered the arguments of counsel presented at the hearing conducted on March 10, 1995. The evidence presented before the United States Magistrate Judge below proved beyond question that Federal Express terminated Mallaji's employment because the Federal Aviation Administration had determined that he had cheated on a dispatcher's qualifying examination, rather than for a legally impermissible reason. Consequently, Mallaji could not prove, to the satisfaction of any rational trier of fact, that an essential element of his civil rights cause of action existed--to wit, that his termination was causally linked to the exercise of his legal rights. E.E.O.C. v. Ohio Edison Co., 7 F.3d 541, 543 (6th Cir.1993). All suggestions by Mallaji to the contrary constituted pure unsupported speculation, which was inadequate to create a factual issue. Horn by Parks v. Madison County Fiscal Court, 22 F.3d 653, 659 (6th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 199 (1994).
 
 
 3
 Accordingly, summary judgment in favor of the defendant was mandatory. Federal Rule of Civil Procedure 56(c); Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552 (1986). Therefore, the summary judgment order below dated December 10, 1993, and the final judgment entered thereon on December 15, 1993, are AFFIRMED. The defendant-appellee's petition for sanctions against the plaintiff-appellant initiated before this appellate court is hereby DENIED.