EMILIO M. GARZA, Circuit Judge:
Defendant JTM Industries, Inc. (“JTM”) appeals from the district court’s denial of its motion for judgment as a matter of law. We reverse and dismiss the ease with prejudice.
I
Plaintiffs Linda and Frank Holt were employees at JTM’s Limestone Facility (“Facility”) in Jewett, Texas. After JTM terminated Linda, she filed a charge of age discrimination with the Equal Employment Opportunity Commission (“EEOC”) and the Texas Commission on Human Rights (“TCHR”). Approximately two weeks after JTM received notice of Linda’s administrative complaint, Frank was placed on paid administrative leave. Frank was subsequently offered another job with JTM in Atlanta which he accepted, but then voluntarily quit after several weeks.
Linda and Frank Holt filed a complaint against JTM and its parent corporation, USPCI, alleging, inter alia, violations of their rights under the Age Discrimination in Employment Act of 1967 (“ADEA”). Specifically, the Holts alleged age discrimination, pursuant to 29 U.S.C. § 621, and retaliation against Frank for Linda’s administrative complaint of age discrimination, pursuant to 29 U.S.C. § 623(d). The claims that survived summary judgment were tried before a jury. At the close of evidence, the district court refused to submit any of the Holts’ claims against USPCI to the jury, denied JTM’s motion for judgment as a matter of law, and submitted the Holts’ claims against JTM to the jury. The jury rejected all of the Holts’ claims against JTM, except for Frank’s claim of retaliation. The district court entered judgment in conformity with the jury verdict, implicitly denying JTM’s third motion for judgment as a matter of law. JTM filed a timely notice of appeal.
II
JTM argues that the district court erred in denying its motion for judgment as a matter of law. We review a district court’s disposition of a motion for judgment as a matter of law de novo. Wardlaw v. Inland Container Corp., 76 F.3d 1372, 1375 (5th Cir.1996). We must consider all of the evidence “in the light and with all reasonable inferences most favorable to the party opposed to the motion.” Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir.1969) (en banc). There must be a conflict of substantial evidence to create a jury question. Id. at 375.
Section 623(d) of the ADEA protects employees from retaliation for opposing acts of age discrimination, or for charging, testifying, assisting, or participating in any manner in an investigation, proceeding, or litigation under the ADEA. 29 U.S.C. § 623(d). A plaintiff establishes a prima fa- *1226 eie case of retaliation under the ADEA by-showing: (1) that he engaged in activity protected by the ADEA; (2) that there was an adverse employment action; and (3) that there was a causal connection between the participation in the protected activity and the adverse employment decision. Shirley v. Chrysler First, Inc., 970 F.2d 39, 42 (5th Cir.1992).
JTM alleges, that the district court erred in denying its motion for judgment as a matter of law because Frank did not engage in an activity that is protected by the' ADEA. Specifically, JTM argues that Frank did not oppose JTM’s practices which Linda alleged were discriminatory, nor did he make a charge, testify, assist or participate in any manner in Linda’s age discrimination complaint, as required under 29 U.S.C. § 623(d). The Holts do not argue that Frank participated in Linda’s filing a charge of age discrimination. Instead, they argue that Linda’s charge of age discrimination, which is protected áctivity under the ADEA, should be imputed to her husband Frank.
The plain language of § 623(d) prohibits an employer from retaliating against an employee because “such individual” has opposed a practice prohibited by the ADEA or has participated “in any manner” in a proceeding under the ADEA. This section permits third parties to sue under § 623(d) if they have engaged in the enumerated conduct, even if the conduct was on behalf of anothef employee’s claim of discrimination. See Jones v. Flagship Intern., 793 F.2d 714, 727 (5th Cir.1986) (acknowledging that “employee opposition to discriminatory employment practices directed against a fellow employee may constitute” protected activity under the anti-retaliation provision of Title VII), cert. denied, 479 U.S. 1065, 107 S.Ct. 952, 93 L.Ed.2d 1001 (1987); Mandia v. ARCO Chemical Co., 618 F.Supp. 1248, 1250 (W.D.Pa.1985) (holding that husband could sue under the' anti-retaliation provision of Title VII because he “participated, supported and aided his wife in filing” EEOC charges of sexual harassment).[1] The Holts urge an even broader interpretation of § 623(d). They argue that an individual suing for retaliation need not personally engage in any of the enumerated conduct in § 623(d). Instead, the Holts contend that once an employee’s spouse engages in protected activity, the non-complaining spouse automatically has standing to sue for retaliation under § 623(d). This interpretation is necessary, according to the Holts, to eliminate the risk that an employer will discriminate against a complaining employee’s spouse in retaliation for the complaining employee’s protected activities.
The Holts cite De Medina v. Reinhardt, 444 F.Supp. 573 (D.D.C.1978), as support for their position. The plaintiff in De Medina sued under the anti-retaliation provision of Title VII for retaliation against her because of her husband’s anti-discrimination activities. De Medina, 444 F.Supp. at 574. The district court concluded that “tolerance of third-party reprisals would, no less than tolerance of direct reprisals, deter persons from exercising their protected rights under Title VII,” which would be contrary to legislative intent. Id. at 580. Therefore, the court held that a plaintiff could sue for retaliation for a relative’s or friend’s protected activities. It is unclear from the district court’s statement of facts whether the plaintiff participated in any manner in her husband’s activities. To the extent that this case stands for the proposition that a plaintiff automatically has standing to sue for retaliation when a relative or friend engages in protected activity, we disagree.
Such a rule of automatic standing might eliminate the risk that an employer will retaliate against an employee for their spouse’s protected activities. However, we conclude that such a rule would contradict the plain language of the statute and will rarely be necessary to protect employee spouses from retaliation. Section 623(d) prohibits retaliation against an employee who has opposed a discriminatory practice or has participated “in any manner” in a proceeding under the ADEA. This broad language is *1227 consistent with Congress’s remedial goals in enacting the ADEA. Congress intended the anti-retaliation provision of the ADEA to enable employees to engage in protected activities without fear of economic retaliation. See E.E.O.C. v. Ohio Edison Co., 7 F.3d 541, 544 (6th Cir.1993) (stating that the purpose of the ADEA “is to prevent fear of economic retaliation from inducing employees ‘quietly to accept [unlawful] conditions’ ”) (alteration in original) (quoting Mitchell v. Robert DeMario Jewelry, Inc., 361 U.S. 288, 292, 80 S.Ct. 332, 335, 4 L.Ed.2d 323 (1960)). To accomplish this goal, Congress drafted § 623(d) to give those employees who oppose discriminatory practices or who participate “in any manner in an investigation [or] proceeding” under the ADEA automatic standing to sue if their employers retaliate against them for their actions.
We recognize that there is a possible risk that an employer will discriminate against a complaining employee’s relative or friend in retaliation for the complaining employee’s actions. However, we believe that the language that Congress has employed in § 623(d) will better protect employees against retaliation than we could by trying to define the types of relationships that should render automatic standing under § 623(d). If we hold that spouses have automatic standing to sue their employers for retaliation, the question then becomes, which other persons should have automatic standing to guard against the risk of retaliation? In most cases, the relatives and friends who are at risk for retaliation will have participated in some manner in a co-worker’s charge of discrimination. The plain language of § 623(d) will protect these employees from retaliation for their protected activities. However, when an individual, spouse or otherwise, has not participated “in any manner” in conduct that is protected by the ADEA, we hold that he does not have automatic standing to sue for retaliation under § 623(d) simply because his spouse has engaged in protected activity.[2]
The evidence at trial revealed that Frank was not aware of Linda’s intent to file a charge of age discrimination against JTM until a few days before she actually made the charge. He testified that when TCHR mailed Linda a copy of the notice of the fifing and service of her complaint, he retrieved it from the post office and looked at it with her. Frank’s only other involvement with Linda’s protected activities involved carrying out his duties as an employee. The TCHR served the notice of Linda’s complaint on JTM to Frank’s attention as Plant Manager. Frank testified that he never opened the notice, but he assumed that it contained Linda’s complaint. After receiving the notice, Frank called the Manager of Human Resources for JTM, Debbie Bankston, and told her that JTM had been served with papers from the TCHR. Frank testified that he followed Ms. Bankston’s orders and sent the notice via Federal Express to JTM’s Human Resources Department.
This evidence does not establish that Frank participated in Linda’s protected activities or that he opposed JTM’s alleged discriminatory practice. There is no evidence that Frank helped Linda prepare her charge or that he assisted in any way in its filing. At best, Frank was a passive observer of Linda’s protected activities. As such, he does not have standing to sue for retaliation under § 623(d).
*1228 III
For the foregoing reasons, we REVERSE the judgment of the district court and DISMISS the case with prejudice.

. The anti-retaliation provisions of the ADEA and Title VII are similar and "cases interpreting the latter provision are frequently relied upon in interpreting the former.” Shirley, 970 F.2d at 42 n. 5.

. The only other circuit case that has addressed a similar issue is not inconsistent with our interpretation of § 623(d). Interpreting the anti-retaliation provision of Title VII, 42 U.S.C. § 2000e-3(a), the Sixth Circuit held that an employee is protected from retaliation where the employee's representative opposes a discriminatory practice. E.E.O.C. v. Ohio Edison Co., 7 F.3d 541, 545 (6th Cir.1993). The plaintiff in Ohio Edison alleged that his employer had discriminated against him by withdrawing an offer of reinstatement "because a co-employee engaged in protected activity and protested [the plaintiff's] discriminatory discharge on his behalf and threatened that a claim would be filed for the discriminatory discharge." Id. at 546 (emphasis added). The fact that the employee had engaged a “representative" to act on his behalf to protest his discharge illustrates that the employee had opposed a discriminatory employment practice, as required under the anti-retaliation provision of Title VII. Therefore, unlike Frank Holt, the plaintiff in Ohio Edison fell within the plain meaning of the statute as one who has standing to sue for retaliation.