**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-50972
Summary Calendar

_____

KENNY SAUER,

Plaintiff-Appellant,

versus

THE GLIDDEN COMPANY, d/b/a/ ICI Paints,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
U.S.D.C. No. SA-98-CA-0967-OG

March 15, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kenny Sauer ("Sauer") appeals the district court's dismissal on summary judgment of his claim against Glidden for retaliation under the Age Discrimination and Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA"). We affirm.

In employment discrimination cases, we review summary judgment *de novo*, applying the same standard as the district court. *See Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1121 (5th Cir. 1998). A summary judgment is appropriate when there is no genuine issue of material fact and the moving party demonstrates its entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). To defeat a proper motion for summary judgment, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To make out a prima facie case of discrimination under the ADEA, Sauer must show: 1) that he engaged in activity protected by the ADEA; 2) that there was an adverse employment action; and 3) that there was a causal connection between the participation in the protected activity and the adverse employment decision. *See Holt v. JTM Industries*, 89 F.3d 1224, 1225-26 (5th Cir. 1996), *cert. denied*, 520 U.S. 1229 (1997).

The district court correctly held that Sauer had not satisfied the first element of his prima facie case. As the district court found, there is no evidence in the summary judgment record that Kenny engaged in an activity protected by the ADEA. We offer no opinion on the district court's legal conclusion that Sauer could nevertheless satisfy the first element of his prima facie case by showing that *Glidden believed* that Sauer had participated in a protected activity. We are not required to evaluate that conclusion because we agree with the district court's finding that there is no evidence in the summary judgment record to support Sauer's subjective belief that Glidden thought that Sauer had engaged in any protected activity. Because Sauer has provided no evidence establishing the first element of his prima facie ADEA case, summary judgment was properly granted against him. *See Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 434 (5th Cir. 1995) (holding that a subjective belief alone is insufficient to create a material question of fact on an element of an ADEA plaintiff's prima facie case); Fed. R. Civ. P. 56(e) (requiring that the nonmoving party, to defeat summary judgment, produce specific facts showing a genuine issue of material fact).

AFFIRMED.