[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 3, 2005
THOMAS  K. KAHN
CLERK

_____

Nos. 04-13887 and 05-10184
Non-Argument Calendar

_____

D. C. Docket No. 02-01835-CV-AR-M

LOLA HITHON,

Plaintiff-Appellant,

versus

TYSON FOODS, INC.,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

**(August 3, 2005)**

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Appellant, Lola Hithon, appeals the district court's grant of summary judgment for Tyson Foods, Inc. in her employment discrimination suit. Hithon sued her employer, Tyson Foods, Inc., ("Tyson"), for race discrimination in violation of 42 U.S.C. § 1981 for its failure to promote her to two different human resources managerial positions. Hithon also claims that she was retaliated against for her involvement in a lawsuit brought against Tyson in which Hithon's husband was a party. Finding no error, we affirm the district court's ruling.

A. Background

Hithon, an African American, began her employment at Tyson on July 1, 1985 as an hourly saw operator. Since 1987, she has held various positions with Tyson. These positions include the following: accounting clerk, front-line supervisor, retention supervisor, plant facilitator, employment supervisor, shift personnel manager, plant coordinator, shipping superintendent, shift manager, and plant personnel manager. Over the years, Hithon's performance has been exemplary and without disciplinary action.

Tyson organizes its Alabama operations into three "complexes": Albertville, Oxford, and Snead. Each of these complexes is run by a complex manager who has final authority and is the final decision-maker over the complex and its

subordinate facilities.  All of Hithon's employment with Tyson has been at the Gadsden processing plant which is the subordinate facility in the Snead complex. During the relevant time period, Ricky Walters was the complex manager of Albertville, and John Pittard was the Oxford complex manager.

In February 2000, Hithon applied for the position of complex human resources manager for the Albertville complex.  This position became available when Jerry Phillips, a Caucasian employee, resigned.  Although Tyson had a policy of promoting from within the company, Phillips was awarded the position when he announced that he desired to return to work at Tyson.  Phillips was placed back into his previous position on February 21, 2000.

In July 2000, Hithon applied for the position of complex human resource manager for the Oxford complex.  Pittard posted the opening and interviewed Hithon and three other candidates, two of whom were also African American.  The interview process for this position included a ranking of each candidate by Pittard. The six areas in which the candidates were ranked was as follows: education, human resources manager experience, total human resources experience, references, community involvement, willingness to relocate, motivation, presence, and relationship with the union.  Pittard's first choice for the vacant position was Jacinta Carter, an African American employee; however, she declined this position

3

and accepted a position as the Human resources manager for the Pine Bluff, Arkansas complex.

Lisa Burdick, a Caucasian employee, was Pittard's second choice to fill this position. Burdick, a college graduate, was the human resources manager of the Ashland facility at the time she applied for the Oxford position and had held that position since December 1998. In contrast, Hithon had only been the human resources manager of the Gadsden facility since March 1999 and had not obtained a college degree. Burdick accepted the Oxford position in July 2000.

On July 25, 2000, Hithon began the process of filing a formal grievance with Tyson. According to the grievance, Hithon disagreed with Pittard's ranking of the candidates and his ultimate selection of Burdick. Hithon also claims that immediately following her interview for the position, Pittard questioned another employee about the suit brought by Hithon's husband against Tyson alleging race discrimination. Further, Hithon complained that Pittard's choosing Burdick for the position was a decision motivated by race.

Hithon bases her discrimination claim on the denial of two promotions: (1) Phillips's reinstatement to the Albertville human resources management position and (2) Carter's and ultimately Burdick's promotion to the Oxford human resources management position. Hithon also claims retaliation based on the denial

of a promotion to the Oxford position.

On appeal, Hithon argues that the district court erred in granting summary judgment in favor of Tyson. We review the district court's grant of summary judgment *de novo*, applying the same standards used by the district court. *Killinger v. Samford Univ*., 113 F.3d 196, 198 (11th Cir. 1997). Summary judgment is appropriate when "there is no genuine issue as to any material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In examining the record, we review the evidence in the light most favorable to the non-moving party. *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004).

B. Hithon's 42 U.S.C. § 1981 Claims Regarding the Albertville Position

Notwithstanding the Supreme Court's recent *Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369 (2004) decision, we hold that Hithon's § 1981 claims regarding the denial of the Albertville position are time-barred by the Alabama statute of limitations. The Supreme Court in *Jones* stated that Congress's 1990 enactment of 28 U.S.C. § 1658, which created a default four-year statute of limitations for federal causes of action created after that date, changed the limitations period for some claims under § 1981 to four years. *Id*. at 378-79. Additionally, the Court held that to the extent that the Civil Rights Act of 1991 created new causes of

5

action not previously cognizable under § 1981, such claims were subject to the "catch-all" statute of limitations of § 1658. *Id.* at 381-82. This changed prior Supreme Court precedent as set forth in *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 661 (1987). In that case, the Court held that in order to determine the proper statute of limitations, federal courts were to apply the most analogous state statute of limitations to § 1981 claims, which in this case, would be two years under Alabama law.

Congress amended § 1981 in 1990 to include a cause of action for discrimination in the terms and conditions of employment as well as discrimination in the making and enforcement of contracts. *See* 42 U.S.C. § 1981. Therefore, it is necessary to determine whether Hithon's claims were cognizable before the effective date of the four-year "catch-all" statute of limitations under § 1658. If so, then her claims would be time-barred under *Goodman*.

Hithon argues that her claims are governed by § 1658 and thus not time-barred. Section 1658 provides: "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. § 1658(a). Section 1658 was enacted on December 1, 1990. Therefore, Hithon's claims are subject to the four-year statute of limitations if they

arose under an Act of Congress enacted after that date.

We find that Hithon's § 1981 claims were cognizable under *Patterson v. McLean Credit Union*, 491 U.S. 164, 176-77, 82 (1989), which applied to § 1981 before the amendments contained in the Civil Rights Act of 1991. Under *Patterson*, a failure to promote claim was actionable under § 1981 if the promotion "rises to the level of an opportunity for a new and distinct relation between the employee and the employer." *Id*. at 185. Hithon claims that she was denied a promotion for an human resources manager position because of her race. We find that these promotions rise "to the level of an opportunity for a new and distinct relation between the employee and the employer." *Id*. at 185. Therefore, Hithon's failure to promote claims were cognizable before Congress's 1991 expansion of § 1981 and thus remain subject to the Alabama two-year statute of limitations as mandated by *Goodman*.

C. Timeliness of Hithon's Title VII Claims Regarding the Albertville Position

We find that Hithon filed her Equal Employment Opportunity Commission ("EEOC") complaint more than ten months after Phillips returned to the Albertville Human Resources position for which Hithon applied. Charges regarding alleged discriminatory acts must be filed within 180 days of the alleged act. 42 U.S.C. § 2000e-5(e)(1). Although Hithon notes this argument in her

statement of the issues, she makes no legal argument and provides no analysis in her brief regarding the timeliness of her Title VII claim. We therefore deem this issue abandoned on appeal. *See Sepulveda v. United States*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).[1] Thus, we hold that Hithon's § 1981 and Title VII retaliation claims based on the denial of the promotion for the Albertville position are time-barred. Accordingly, we affirm the district court's holding on these issues.

D. Hithon's Claims Arising from Oxford Position

We now turn to the merits of Hithon's discrimination and retaliation claims based on the denial of the Oxford promotion. Hithon fails to establish a prima facie case for retaliation or discrimination with regard to the Oxford human resources manager position.

In order to prevail on a discriminatory failure to promote claim, a plaintiff must establish the following: (1) she is a member of a protected class; (2) she was qualified and applied for the promotion; (3) she was rejected despite her

---

[1] Hithon stated several others issues in her brief but made no legal argument and provided no analysis as to these issues. Thus, the following issues are deemed abandoned: "whether the trial court erred to reversal in granting the defendant's motion to strike the affidavit of Melody Lloyd; whether the trial court erred to reversal in finding that plaintiff had not identified any practice through statistics or otherwise to support her disparate impact claim; and whether the trial court erred to reversal in not considering the case *Desert Palace v. Costa*, 539 U.S. 90, 123 S. Ct. 2148 (2003) as controlling in establishing plaintiff's prima facie case and rebutting defendant's articulated reasons for termination." *See Sepulveda v. United States*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005)

qualifications; and (4) other equally or less qualified employees who were not members of the protected class were promoted. *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1339 (11th Cir. 2000). Hithon proves the first three elements necessary to establish a prima facie case of discrimination. However, she did not show that an equally or less qualified employee who was not in her protected class was promoted to the position. First, Burdick, the employee who was finally placed in the Oxford position was more qualified than Hithon. Burdick had a four-year college degree and had more experience as a plant manager than did Hithon. Additionally, the record reflects that Burdick successfully implemented a new managerial program aimed to improve effectiveness and efficiency.

As for her retaliation claims, in order to succeed Hithon must show that "(1) [s]he engaged in protected activity; (2) [s]he suffered an adverse employment action; and (3) there was a causal link between h[er] protected activity and the adverse employment action." *Bass v. Bd. of County Comm'rs, Orange County, Fla.*, 256 F.3d 1095, 1117 (11th Cir. 2001).

In analyzing Hithon's retaliation claim, Hithon claims that the protected activity in which she engaged was that of her husband's lawsuit against Tyson. We have not directly addressed whether a Plaintiff, who works with a close relative who engaged in statutorily-protected activity, is entitled to bring a

9

retaliation claim. We note that the Third, Fifth and Eighth Circuits have previously addressed this issue. Those Circuits have held that a plaintiff may not bring an action for a retaliation claim without personally participating in the protected activity. *See Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 568-70 (3rd Cir. 2002); *Holt v. JTM Indus., Inc.*, 89 F.3d 1224, 1226-27 (5th Cir. 1996); *Smith v. Riceland Foods, Inc.*, 151 F.3d 813, 819 (8th Cir. 1998). Hithon did not personally participate in her husband's retaliation claim. Yet, we need not decide this issue today. Assuming arguendo that Hithon has met her burden of establishing a prima facie case for discrimination and retaliation, for both claims, we apply the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973). The burden shifts to Tyson to produce a legitimate, non-discriminatory reason for the adverse employment action. *Id*. Given Burdick's superior credentials and qualifications, Tyson has satisfied this burden. Every member of the review panel ranked Hithon last out of the candidates considered for the position.

Because Tyson produced a legitimate, non-discriminatory reason for Hithon's adverse employment decision, the burden then shifts back to Hithon to prove that Tyson's reasons were pretextual. *Id.* at 804. Hithon fails to meet this burden as well. Hithon has not provided the quantum of evidence necessary to

10

establish that Tyson's legitimate, race-neutral reasons were pretextual.  Hithon does argue that she was more qualified than Burdick.  Although a disparity in qualifications could support an inference of discrimination, reviewing the record as a whole, Hithon has failed to establish a qualification disparity of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen Burdick over Hithon for the Oxford job.

For the foregoing reasons, we affirm the district court's grant of summary judgment to Tyson.

**AFFIRMED.**