**Theresa NEELY, Plaintiff–Appellant,**

v.

**MILLER BREWING COMPANY, INC., Defendant–Appellee.**

No. 00–3884.

United States Court of Appeals, Sixth Circuit.

Jan. 9, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; WELLS, District Judge.*

MERRITT, Circuit Judge.

This case concerns a settlement agreement in an employment discrimination dispute that stated that the settlement was subject to Older Worker Benefit Protection Act timings. The "timing" provisions under this Act give a settling party time to reconsider and withdraw from a settlement before it becomes irrevocable.[1] Plaintiff Theresa Neely contends that this "timings" clause in the agreement gave her the right to withdraw from the agreement. The court below agreed with her employer, Miller Brewing Company, that the settlement agreement was final and binding, without any right of withdrawal, and ordered Neely to comply with the agreement. We REVERSE and REMAND for further proceedings consistent with this decision.

### Facts

In March 1996, Theresa Neely, an African–American woman, injured her back while working on Miller Brewing Company's bottling line. When she attempted to return to work, she alleges, Miller refused to offer her a "light work" position, though it provided such positions to similarly situated white co-workers, and, when she did return to work, it allowed co-workers and a supervisor to harass her. In May 1998, she sued both Miller and her union in federal court for gender and racial discrimination in violation of Title VII of the Civil Rights Act of 1964 and of 42 U.S.C. § 1981, and for racial and gender discrimination and intentional infliction of emotional distress in violation of Ohio law. By January 2000, several of Neely's claims had been dismissed, leaving her with claims against Miller for race discrimination and retaliation under § 1981 and state law.

On January 14, 2000, the district court held a pretrial conference where Neely and Miller reached an agreement in principal. It included the following language, read into the record by Miller's counsel:

> We would have a full release of every claim, including any workers' comp claims, from the beginning of time up to the present, for any acts that occurred from the beginning of time up to the present, subject to the Older Worker Benefit Protection Act timings, and any workers' compensation hurdles that we have to jump through.

The parties' subsequent dispute turns on this clause.

Five days later, Neely told Miller that she wished to withdraw from the agreement. She argued that the above clause gave her a period to reconsider her agreement with Miller as long as the period provided by the Older Worker Benefit Protection Act ("Older Worker Act"),

---

* The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

1. When an individual is waiving an age discrimination claim as part of a settlement, the Older Worker Benefit Protection Act provides that the waiver must be knowing and voluntary, and that, if the waiver is part of a settlement of an EEOC charge or a lawsuit, it "may not be considered knowing and voluntary unless at a minimum ... the individual is given a reasonable period of time within which to consider the settlement agreement." 29 U.S.C. § 626(f) (1999).

which gives individuals settling age discrimination claims time to revoke a settlement agreement before it becomes final and binding. Miller countered that the clause gave Neely only the right to withdraw an age discrimination claim from her agreement, not withdraw from the entire agreement.

The district court agreed with Miller, and issued a final order enforcing the settlement agreement. Neely timely appealed.

## Analysis

■ The district court decided that the clause in question did not allow Neely to revoke her consent to the entire agreement. A settlement agreement is a contract. *Bamerilease Capital Corp. v. Nearburg,* 958 F.2d 150, 152 (6th Cir.1992). A contract interpretation is considered a question of law, and therefore we review a contract interpretation *de novo. Campbell v. Potash Corp. of Saskatchewan, Inc.,* 238 F.3d 792, 797 (6th Cir.2001). The canons that guide contract interpretation are well-known.

■ The disputed clause states that the settlement agreement is subject to "the Older Worker Benefit Protection Act timings." The Act gives an employee who waives, as part of a settlement agreement, a right or claim made under the Age Discrimination in Employment Act ("ADEA") a set period of time to consider the agreement before it becomes final and binding. Older Worker Benefit Protection Act, 29 U.S.C. §§ 626(f)(1)-(2) (1999). Though the Older Worker Act provides different periods for an employee to revoke the agreement, depending on the circumstances, at a minimum it gives an employee a "reasonable period of time" to consider an agreement before it becomes irrevocable. As Neely interprets it, then, the clause gave her a "reasonable period of time" to consider, and revoke, her agreement with Miller.

We agree with Neely's interpretation, for several reasons. First, the plain language of the clause supports her. It reads: "[w]e would have a full release of *every* claim, including any workers' compensation claims ... subject to the Older Worker Benefit Protection Act timings" (emphasis added). It is not limited to age discrimination claims. The clause was read into the record by Miller's counsel. The tendency of contract law is to say that a provision that can be given more than one reasonable construction will be construed against the party that prepared it. *Restatement (Second) of Contracts* § 206 (1981). Had Miller wished to make clear that the Older Worker Act timings applied only to Neely's age discrimination claim, it could easily have done so.

■ Second, the clause has substantial meaning only if the timings apply to the entire agreement. Miller claims that the clause merely set out a right that Neely already had: the right guaranteed by the Older Worker Act to withdraw her release of age discrimination claims. But if that is the case, then the clause is superfluous, since Neely retained these rights regardless of whether they were mentioned in the agreement. A contract should be read so as to give meaning and effect to all its provisions. *See Diversified Energy Inc. v. Tennessee Valley Authority,* 223 F.3d 328, 339 (6th Cir.2000). The only way the clause can be given a non-redundant meaning is to read it as applying the Older Worker Act timing provisions to the entire settlement agreement.

Finally, Neely had not even made a claim under the Age Discrimination in Employment Act, and for us to reject Neely's interpretation would suggest that Miller went to the trouble to preserve for Neely a claim she could not possibly win. The

Older Worker Act protects workers making a claim under the ADEA. *See* Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* (1999). To make a claim under the ADEA a worker must be at least 40. *Id.* § 631(a). Neely did not turn 40 until October 1999, three years after her conflict with Miller began, and less than three months before this settlement agreement was reached. She made numerous claims against Miller, but never an age discrimination claim. It is a bit disingenuous to argue that the "timings" provision of the settlement applies not to the claims made and settled but only to a nonclaim.

■ It is not clear which of the Older Worker Act's timing provisions was imported into the settlement agreement. In the situation most similar to this one, when a waiver is part of a settlement of litigation or an EEOC charge, the Act sets no specific period before a waiver is irrevocable; it just gives an employee a "reasonable period of time" within which to consider the agreement. 29 U.S.C. § 629(f)(2)(B). In other situations, however, the Act sets specific periods of time for considering a settlement agreement, ranging from 7 to 45 days, depending on the context. *See id.* §§ 629(f)(1)-(2). As the shortest period set out in the Act is 7 days, it is fair to conclude that the "reasonable period of time" provided Neely to consider her settlement agreement must be at least that long. *Id.* § 626(f)(1)(G); *see also Jacobs v. N.Y. Fin. Ctr. Hotel,* 1997 U.S. Dist. LEXIS 9704, at *5, 1997 WL 375737 (S.D.N.Y. July 7, 1997) (holding that an agreement withdrawn after "three or four days" was revoked within the Older Workers Act's "reasonable period of time"). Whichever timing provision was incorporated into the settlement agreement, then, it cannot have given Neely less than seven days to revoke her waiver. As Neely revoked her waiver after five days, her withdrawal was within the time periods incorporated into the settlement agreement.

We therefore hold that Neely validly withdrew her consent to the entire settlement agreement within the period of time provided, thereby voiding the agreement.

*Conclusion*

Accordingly, the judgment of the District Court is reversed and the case remanded for further proceedings.