**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0292n.06**
**Filed: April 27, 2006**

**No. 05-3392**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **DAVID R. McDERMOTT,** | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| **CITY OF NORTH OLMSTED, OHIO,** | ) | |
| | ) | **MEMORANDUM** |
| Defendant-Appellee. | ) | **OPINION** |

BEFORE:    BATCHELDER, CLAY, and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge**.  Plaintiff-appellant David R. McDermott filed suit against his former employer City of North Olmsted, alleging age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*  Defendant City moved for summary judgment, asking the district court to enforce the settlement agreement between the parties, in which plaintiff had expressly released it from and waived the specific claim asserted in the complaint.  Plaintiff argued the waiver and release was invalid because he had not been given "a reasonable period of time within which to consider the settlement agreement," as required by 29 U.S.C. § 626(f)(2).  In an opinion and order filed on February 28, 2005, the district court rejected plaintiff's argument, finding under the totality of the circumstances that plaintiff had been given a reasonable period of time to consider the settlement agreement, that the waiver and release was valid and enforceable, and that the City was entitled to summary judgment.  On appeal, plaintiff contends

the district court erred in its determination that the waiver and release is valid and enforceable. The parties have waived their right to oral argument on appeal. Having carefully considered the district court's opinion and judgment in light of the parties' briefs and the applicable law, we find no error.

The district court recognized that plaintiff's waiver could not be considered "knowing and voluntary" unless he was given a reasonable period of time to consider the settlement agreement. 29 U.S.C. § 626(f)(2). Yet, plaintiff, a college-educated civil engineer, did not argue that his waiver was other than knowing and voluntary, that he did not fully understand the terms of the agreement, or that he was subject to duress or coercion. He argued only that he had not been given a reasonable period of time, as required by the Act.

The district court noted that Congress did not define "reasonable period of time" in this context. Further, the court found that the final version of the written settlement agreement that plaintiff signed on January 16, 2002, had been slightly modified earlier that day, by deletion of one paragraph, in accordance with plaintiff's express demand. Considering the totality of the circumstances, the court correctly held, by virtue of the parties' six-weeks of negotiations, involving three revised versions of the written agreement (the last of which had been first presented to plaintiff for consideration on January 4, 2002), that plaintiff had been given a reasonable period of time to consider the settlement agreement.

The district court acknowledged the unpublished opinion in *Neely v. Miller Brewing Co., Inc.,* 25 Fed. Appx. 370, 373 (6th Cir. 2002), where "reasonable period of time" under 29 U.S.C. § 626(f)(2) was construed as creating a seven-day opportunity for an employee, after having executed a written settlement agreement, to revoke a waiver of ADEA rights. To the extent that such a seven-

day rule applied, the district court held, considering the extended negotiations of the parties, that plaintiff had been given more than seven days to consider the settlement agreement before he approved it on January 16, 2002. We agree with this conclusion, but find the holding of *Neely* inapposite.

Plaintiff commenced this action on May 13, 2003, 16 months after he signed the written settlement agreement. There is no evidence that he earlier sought to revoke the settlement agreement and no reason to believe he attempted to do so within seven days after he signed the written agreement. The holding of *Neely* thus has no application in this case, was not a necessary component of the district court's determination that plaintiff's waiver was valid and enforceable, and we decline to endorse any suggestion that "reasonable period of time" under 29 U.S.C. § 626(f)(2) means at least seven days.

In all other respects, the reasoning supporting award of summary judgment to the City has been correctly articulated by the district court. Issuance of a detailed written opinion by this court would be duplicative and serve no useful purpose. Accordingly, with the exception of its reliance on *Neely*, we **AFFIRM** the judgment of the district court on the basis of the analysis contained in the district court's opinion filed on February 28, 2005.

**CLAY, Circuit Judge**, dissenting.  In its adoption of the district court's analysis that Plaintiff's waiver of Age Discrimination in Employment Act ("ADEA") claims against Defendant was valid, the majority subverts the remedial purpose of the ADEA.  Under Section 626(f)(2) of Title 29 of the United States Code, an employee's waiver of ADEA claims against the employer in settlement of an EEOC charge is valid only when the employee is "given a reasonable period of time within which to consider the settlement agreement."  There is no question that Plaintiff and Defendant reached the final terms of the settlement agreement on January 16, 2002.  There is also no question that Defendant coerced Plaintiff to sign the settlement agreement that day by threatening to withdraw the agreement if Plaintiff did not sign that day.  While the majority finds this coercion to be acceptable in light of the fact that Plaintiff previously received drafts of the settlement agreement, the majority's conclusion runs contrary to basic canons of statutory construction.

The ADEA is the quintessential form of remedial legislation.  "The ADEA broadly prohibits arbitrary discrimination in the workplace based on age."  *Lorillard v. Pons*, 434 U.S. 575, 577 (1978).  Because the ADEA is a remedial statute, this Court must construe its provisions liberally in favor of the statute's intended beneficiaries, employees.  *See Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 765-66 (1979) (Blackmun, J., concurring).  *See also Holt v. JTM Indus., Inc.*, 89 F.3d 1224, 1231-32 (5th Cir. 1996); *E.E.O.C. v. Cherokee Nation*, 871 F.2d 937, 942 (10th Cir. 1989) (citation omitted).  A corollary to the liberal construction of a remedial statute such as the ADEA is the strict and narrow construction of an exception to such a statute.  *See Orzel v. Wauwatosa Fire Dep't*, 697 F.2d 743, 748 (7th Cir. 1983) (quoting *Sexton v. Beatrice Foods Co.*, 630 F.3d 478, 486 (7th Cir. 1980)).  Section 626(f)(2) is undoubtedly an exception to the ADEA; it allows an employer

to escape from liability for age discrimination, so long as the employer secures a waiver from the employee. Section 626(f)(2), however, mandates that the employer satisfy several procedural requirements, one of which is that the employer must give the employee "a reasonable period of time within which to consider the settlement agreement." Strictly construed, the term "settlement agreement" means the actual, final settlement agreement, not a proposed settlement agreement or a draft settlement agreement. Thus, under the appropriate construction of Section 626(f)(2), Plaintiff's receipt of prior drafts of the settlement agreement is immaterial. Plaintiff and Defendant decided upon the final version of the settlement agreement on January 16, 2002, and Defendant gave Plaintiff until the end of that day to sign the agreement. This Court previously decided, and the parties agree, that a reasonable period of time under Section 626(f)(2) is at least seven days. *Neely v. Miller Brewing Co., Inc.*, 25 Fed. App'x 370, 373 (6th Cir. 2002) (unpublished decision). Defendant should have given Plaintiff at least seven days to consider the final agreement, and Defendant's failure to do so renders Plaintiff's waiver of his ADEA claims invalid.

The majority finds *Neely* to be inapposite because Plaintiff failed to revoke or attempt to revoke the settlement agreement within seven days of signing said agreement. This position is a misapprehension of Section 626(f)(2) and *Neely*. Section 626(f)(2) requires that an employer give an employee a reasonable period of time to consider the settlement agreement *before* the employee signs the agreement, and *Neely* holds that such reasonable period of time is, at a minimum, seven days. When Plaintiff brought the instant suit or otherwise attempted to revoke the settlement agreement is irrelevant as to whether Defendant gave Plaintiff the statutorily mandated period of time to consider the settlement agreement before the signing of the agreement. If, for example, an

employer gave an employee only thirty seconds to consider a settlement agreement before signing it, the mere fact that the employee does not attempt to revoke the settlement agreement within seven days of the signing does not somehow "cure" the settlement agreement of the employer's failure to adhere to the requirements of Section 626(f)(2). As the Supreme Court makes unmistakably clear in *Oubre v. Entergy Operations, Inc.*, an employer must conform to the requirements under Section 626(f)(2) in order for a waiver of ADEA claims to be valid, and any action, or lack of action, on the part of the employee will not absolve an employer's failure to meet any of the requirements. 522 U.S. 422, 426-27 (1998). The fact that Plaintiff did not attempt to revoke the settlement agreement within seven days of signing the agreement does not ratify the agreement in spite of Defendant's failure to give Plaintiff a reasonable period of time to consider the agreement before its signing.

Not only is Plaintiff's interpretation of the ADEA more consistent with general principles of statutory construction than the interpretation adopted by the majority, such interpretation is also more practically sound. There is certainly a benefit in requiring the parties to step back from the negotiating table and to ruminate over their final product for a certain period of time. After all, the final settlement agreement in this case was the product of intense mediation that took place over the course of an entire day. Because of the back and forth that results from such a procedure, and because of the potential complexity of settlement agreements, the parties may naturally lose sight of the bigger picture, a problem that is alleviated by Section 626(f)(2)'s mandate of a reasonable period of time to consider the final settlement agreement. Defendant clearly took advantage of the negotiation session that took place on January 16, 2002 to coerce Plaintiff into signing the settlement agreement that day. By threatening to withdraw the final settlement agreement the day that the

agreement was reached, Defendant failed to meet the strict requirements of Section 626(f)(2), so that

Plaintiff's waiver of his ADEA claims was invalid.  I therefore respectfully dissent.