MEMORANDUM OPINION
McKEAGUE, Circuit Judge.
Plaintiff-appellant David R. McDermott filed suit against his former employer City of North Olmsted, alleging age discrimination under the Age Discrimination in Employment Act (“ADEA”), 29 U.S.C. § 621 et seq. Defendant City moved for summary judgment, asking the district court to enforce the settlement agreement between the parties, in which plaintiff had expressly released it from and waived the specific claim asserted in the complaint. Plaintiff argued the waiver and release was invalid because he had not been given “a reasonable period of time within which to consider the settlement agreement,” as required by 29 U.S.C. § 626(f)(2). In an opinion and order filed on February 28, 2005, the district court rejected plaintiffs argument, finding under the totality of the circumstances that plaintiff had been given a reasonable period of time to consider the settlement agreement, that the waiver and release was valid and enforceable, and that the City was entitled to summary judgment. On appeal, plaintiff contends the district court erred in its determination that the waiver and release is valid and enforceable. The parties have waived their right to oral argument on appeal. Having carefully considered the district court's opinion and judgment in light of the parties’ briefs and the applicable law, we find no error.
The district court recognized that plaintiffs waiver could not be considered “knowing and voluntary” unless he was given a reasonable period of time to consider the settlement agreement. 29 U.S.C. § 626(f)(2). Yet, plaintiff, a college-educated civil engineer, did not argue that his waiver was other than knowing and voluntary, that he did not fully understand the terms of the agreement, or that he was subject to duress or coercion. He argued only that he had not been given a reasonable period of time, as required by the Act.
The district court noted that Congress did not define “reasonable period of time” in this context. Further, the court found that the final version of the written settlement agreement that plaintiff signed on January 16, 2002, had been slightly modified earlier that day, by deletion of one paragraph, in accordance with plaintiffs express demand. Considering the totality of the circumstances, the court correctly held, by virtue of the parties’ six-weeks of negotiations, involving three revised versions of the written agreement (the last of which had been first presented to plaintiff for consideration on January 4, 2002), that plaintiff had been given a reasonable period of time to consider the settlement agreement.
The district court acknowledged the unpublished opinion in Neely v. Miller Brewing Co., Inc., 25 Fed.Appx. 370, 373 (6th Cir.2002), where “reasonable period of time” under 29 U.S.C. § 626(f)(2) was construed as creating a seven-day opportunity for an employee, after having executed a written settlement agreement, to revoke a waiver of ADEA rights. To the extent that such a seven-day rule applied, the district court held, considering the extended negotiations of the parties, that plaintiff had been given more than seven days to consider the settlement agreement before he approved it on January 16, 2002. We agree with this conclusion, but find the holding of Neely inapposite.
*517 Plaintiff commenced this action on May 13, 2003, 16 months after he signed the written settlement agreement. There is no evidence that he earlier sought to revoke the settlement agreement and no reason to believe he attempted to do so within seven days after he signed the written agreement. The holding of Neely thus has no application in this case, was not a necessary component of the district court’s determination that plaintiffs waiver was valid and enforceable, and we decline to endorse any suggestion that “reasonable period of time” under 29 U.S.C. § 626(f)(2) means at least seven days.
In all other respects, the reasoning supporting award of summary judgment to the City has been correctly articulated by the district court. Issuance of a detailed written opinion by this court would be duplicative and serve no useful purpose. Accordingly, with the exception of its reliance on Neely, we AFFIRM the judgment of the district court on the basis of the analysis contained in the district court’s opinion filed on February 28, 2005.