CLAY, Circuit Judge,
dissenting.
In its adoption of the district court’s analysis that Plaintiffs waiver of Age Discrimination in Employment Act (“ADEA”) claims against Defendant was valid, the majority subverts the remedial purpose of the ADEA. Under Section 626(f)(2) of Title 29 of the United States Code, an employee’s waiver of ADEA claims against the employer in settlement of an EEOC charge is valid only when the employee is “given a reasonable period of time within which to consider the settlement agreement.” There is no question that Plaintiff and Defendant reached the final terms of the settlement agreement on January 16, 2002. There is also no question that Defendant coerced Plaintiff to sign the settlement agreement that day by threatening to withdraw the agreement if Plaintiff did not sign that day. While the majority finds this coercion to be acceptable in light of the fact that Plaintiff previously received drafts of the settlement agreement, the majority’s conclusion runs contrary to basic canons of statutory construction.
The ADEA is the quintessential form of remedial legislation. “The ADEA broadly prohibits arbitrary discrimination in the workplace based on age.” Lorillard v. Pons, 434 U.S. 575, 577, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). Because the ADEA is a remedial statute, this Court must construe its provisions liberally in favor of the statute’s intended beneficiaries, employees. See Oscar Mayer & Co. v. Evans, 441 U.S. 750, 765-66, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979) (Blackmun, J., concurring). See also Holt v. JTM Indus., Inc., 89 F.3d 1224, 1231-32 (5th Cir.1996); E.E.O.C. v. Cherokee Nation, 871 F.2d 937, 942 (10th Cir.1989) (citation omitted). A corollary to the liberal construction of a remedial statute such as the ADEA is the strict and narrow construction of an exception to such a statute. See Orzel v. Wauwatosa Fire Dep't, 697 F.2d 743, 748 (7th Cir.1983) (quoting Sexton v. Beatrice Foods Co., 630 F.2d 478, 486 (7th Cir.1980)). Section 626(f)(2) is undoubtedly an exception to the ADEA; it allows an employer to escape from liability for age discrimination, so long as the employer secures a waiver from the employee. Section 626(f)(2), however, mandates that the employer satisfy several procedural requirements, one of which is that the employer must give the employee “a reasonable period of time within which to consider the settlement agreement.” Strictly construed, the term “settlement agreement” means the actual, final settlement agreement, not a proposed settlement agreement or a draft settlement agreement. Thus, under the appropriate construction of Section 626(f)(2), Plaintiffs receipt of prior drafts of the *518 settlement agreement is immaterial. Plaintiff and Defendant decided upon the final version of the settlement agreement on January 16, 2002, and Defendant gave Plaintiff until the end of that day to sign the agreement. This Court previously decided, and the parties agree, that a reasonable period of time under Section 626(f)(2) is at least seven days. Neely v. Miller Brewing Co., Inc., 25 Fed.Appx. 370, 373 (6th Cir.2002) (unpublished decision). Defendant should have given Plaintiff at least seven days to consider the final agreement, and Defendant’s failure to do so renders Plaintiffs waiver of his ADEA claims invalid.
The majority finds Neely to be inappo-site because Plaintiff failed to revoke or attempt to revoke the settlement agreement within seven days of signing said agreement. This position is a misapprehension of Section 626(f)(2) and Neely. Section 626(f)(2) requires that an employer give an employee a reasonable period of time to consider the settlement agreement before the employee signs the agreement, and Neely holds that such reasonable period of time is, at a minimum, seven days. When Plaintiff brought the instant suit or otherwise attempted to revoke the settlement agreement is irrelevant as to whether Defendant gave Plaintiff the statutorily mandated period of time to consider the settlement agreement before the signing of the agreement. If, for example, an employer gave an employee only thirty seconds to consider a settlement agreement before signing it, the mere fact that the employee does not attempt to revoke the settlement agreement within seven days of the signing does not somehow “cure” the settlement agreement of the employer’s failure to adhere to the requirements of Section 626(f)(2). As the Supreme Court makes unmistakably clear in Oubre v. En-tergy Operations, Inc., an employer must conform to the requirements under Section 626(f)(2) in order for a waiver of ADEA claims to be valid, and any action, or lack of action, on the part of the employee will not absolve an employer’s failure to meet any of the requirements. 522 U.S. 422, 426-27, 118 S.Ct. 838, 139 L.Ed.2d 849 (1998). The fact that Plaintiff did not attempt to revoke the settlement agreement within seven days of signing the agreement does not ratify the agreement in spite of Defendant’s failure to give Plaintiff a reasonable period of time to consider the agreement before its signing.
Not only is Plaintiffs interpretation of the ADEA more consistent with general principles of statutory construction than the interpretation adopted by the majority, such interpretation is also more practically sound. There is certainly a benefit in requiring the parties to step back from the negotiating table and to ruminate over their final product for a certain period of time. After all, the final settlement agreement in this case was the product of intense mediation that took place over the course of an entire day. Because of the back and forth that results from such a procedure, and because of the potential complexity of settlement agreements, the parties may naturally lose sight of the bigger picture, a problem that is alleviated by Section 626(f)(2)’s mandate of a reasonable period of time to consider the final settlement agreement. Defendant clearly took advantage of the negotiation session that took place on January 16, 2002 to coerce Plaintiff into signing the settlement agreement that day. By threatening to withdraw the final settlement agreement the day that the agreement was reached, Defendant failed to meet the strict requirements of Section 626(f)(2), so that Plaintiffs waiver of his ADEA claims was invalid. I therefore respectfully dissent.