## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 13, 2009

No. 09-60103
Summary Calendar

Charles R. Fulbruge III
Clerk

EDDIE MCKINNEY

Plaintiff - Appellant

v.

BOLIVAR MEDICAL CENTER

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:07-CV-209

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Eddie McKinney ("McKinney") appeals the district court's grant of summary judgment on his retaliation and discrimination claims against his former employer, Defendant-Appellee Bolivar Medical Center ("Bolivar"). For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## FACTS AND PROCEEDINGS

McKinney, who is black, began working as a speech therapist for Bolivar in 1998. In 2005, McKinney's employment status changed from full time to "as needed" because, according to Bolivar, the services provided by its other speech therapist, Stephanie Hutchinson ("Hutchinson"), were in greater demand with patients and her performance was superior to McKinney's. McKinney also took issue with his reassignment to a smaller office and the new billing and documentation policies imposed on the staff. In September 2006, McKinney was terminated for failing to comply with these policies and making unjustified accusations of racism against his supervisors.

In October 2006, McKinney filed a charge of discrimination with the EEOC under the Equal Pay Act, arguing that Hutchinson received a higher pay based on her sex. He later amended his charge with a claim that the wage disparity was due to his race. After obtaining his right to sue notice from the EEOC, McKinney filed this lawsuit in October 2007. His state and federal claims against Bolivar include race discrimination and retaliation under 42 U.S.C. § 1981, thus circumventing Title VII's requirement that discrimination and retaliation claims be first raised before the EEOC. The district court granted Bolivar's motion for summary judgment on all of McKinney's claims. On appeal, McKinney only challenges the dismissal of his § 1981 claims of race discrimination and retaliation.

## STANDARD OF REVIEW

"This court reviews a district court's grant of summary judgment de novo, applying the same legal standards as the district court." *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005). On review of a grant of summary

judgment, "[t]he evidence and inferences from the summary judgment record are viewed in the light most favorable to the nonmovant." *Minter v. Great Am. Ins. Co. of N.Y.*, 423 F.3d 460, 465 (5th Cir. 2005). Typically, "[s]ummary judgment is proper when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 384 (5th Cir. 2008) (internal quotations omitted); *see also* FED. R. CIV. P. 56(c).

## DISCUSSION

First, McKinney argues that the district court improperly dismissed his claim of race discrimination. To establish a *prima facie* case of discrimination under § 1981, a plaintiff must show: (1) membership in a protected class; (2) that he was qualified for the position; (3) that he suffered an adverse employment action; and (4) that he was replaced by a person outside his protected class. *DeCorte v. Jordan,* 497 F.3d 433, 437 (5th Cir. 2007). The burden then shifts to the employer to articulate "a legitimate, nondiscriminatory reason" for its employment action. *Id.* If the employer meets this burden, the plaintiff bears the final burden of proving that the employer's proffered reason is a pretext for discrimination—either through evidence of disparate treatment or by showing that the employer's explanation is false or unworthy of credence. *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

We will assume, as the district court did, that McKinney made a proper *prima facie* showing of race discrimination. We agree with the district court that Bolivar met its burden by offering two nondiscriminatory reasons for terminating McKinney. Bolivar has presented ample evidence of McKinney's

poor work performance, including his over-billing of patients on several occasions and his failure to comply with Bolivar's documentation policies, and further alleges that McKinney made unjustified accusations of racism against his supervisors. McKinney has not shown that the performance based justification for terminating him was pretextual; in fact, he does not even appear to challenge Bolivar's allegations regarding his performance. This alone would be reason enough to dismiss the discrimination claim because a plaintiff is required to rebut each nondiscriminatory reason articulated by his employer to carry his burden of demonstrating pretext. *See id.*

With respect to Bolivar's claim that he improperly accused his superiors of racism, McKinney denies ever making such statements. However, regardless of whether McKinney made the alleged accusations, the relevant issue is whether Bolivar believed in good faith that such accusations were made and whether McKinney was truly terminated based on that good faith belief. *See Waggoner v. City of Garland,* 987 F.2d 1160, 1165–66 (5th Cir. 1993) (holding that a plaintiff has not demonstrated that the employer's reason for terminating him was pretextual if the employer reasonably believed the complaint of sexual harassment lodged against the plaintiff and acted on it in good faith). Even assuming that McKinney's supervisors falsely reported the accusations of racism, McKinney has offered no evidence that Bolivar knew or had reason to believe that these accusations were fabricated.

McKinney claims that, even if Bolivar itself was innocent of any discriminatory intent, his supervisors' discriminatory attitudes should be imputed to Bolivar. Indeed, an employer may be held liable if it "acted as a rubber stamp, or the 'cat's paw' for [a supervisor's] prejudice, even if the

[employer] lacked discriminatory intent." *Russell v. McKinney Hosp. Venture,* 235 F.3d 219, 227 (5th Cir. 2000) (quotation omitted). However, in order to use the "cat's paw" analysis, a plaintiff must show that the supervisor who influenced the adverse employment action exhibited "discriminatory animus" towards him. *Id.* McKinney has provided no evidence that his supervisors acted with race-based animus in complaining that McKinney had called them racists. In fact, McKinney testified that he never heard racial comments or witnessed his white co-workers being treated differently while employed at Bolivar. There is therefore no "discriminatory animus" on the part of Bolivar employees that could be imputed to Bolivar. Accordingly, McKinney's discrimination claim fails and was properly dismissed by the district court.

Next, McKinney contends that the district court erred in dismissing his claim that he was terminated in retaliation for allegedly accusing his supervisors of racism. To establish a *prima facie* case of retaliation under § 1981, a plaintiff must show: (1) he participated in an activity protected by Title VII; (2) his employer subjected him to an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action. *Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 319 (5th Cir. 2004). "An employee has engaged in activity protected by Title VII if [he] has either (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII." *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (quoting 42 U.S.C. § 2000e-3(a)). McKinney concedes that he did not engage in any protected activity.

Nevertheless, he alleges that Bolivar retaliated against him because it

*believed* that he was engaging in protected activity and that such a misperception suffices for a retaliation claim. *See Fogelman v. Mercy Hosp. Inc.,* 283 F.3d 561, 571–72 (3d Cir. 2002) (holding that a plaintiff's retaliation claim is cognizable even in the absence of protected activity, as long as his employer perceived him to be engaged in such activity). As noted by the district court, the Fifth Circuit has not adopted this perception theory of retaliation. Furthermore, nothing in the record suggests that Bolivar believed McKinney to be engaged in protected activity or that it terminated him for that reason. On the contrary, the evidence supports Bolivar's assertion that McKinney was terminated due to his poor work performance and his unfounded accusations of racism. Accordingly, summary judgment on McKinney's retaliation claim was proper.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.