**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
CITIZENS FOR RESPONSIBILITY     )
AND ETHICS IN WASHINGTON,       )
                               )
     Plaintiff,                 )
                               )
     v.                         )      Civil Action No. 09-633 (RWR)
                               )
BOARD OF GOVERNORS OF THE       )
FEDERAL RESERVE SYSTEM,         )
                               )
     Defendant.                 )
_____)
```

<u>**MEMORANDUM OPINION**</u>

Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") filed a complaint under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), alleging that the Board of Governors of the Federal Reserve System ("the Board") wrongfully failed to produce any agency records that the plaintiff requested. The Board has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim. Because CREW did not exhaust its administrative remedies, the defendant's motion to dismiss, treated in part as a motion for summary judgment, will be granted.[1]

---

[1] The complaint also alleged that the Board improperly failed to respond to plaintiff's request for expedited processing of its FOIA request. The Board has moved to dismiss that claim as moot. CREW acknowledges that the claim is now moot, and it will be dismissed.

BACKGROUND

On March 3, 2009, CREW submitted a FOIA request to the Board seeking expedited disclosure of records identifying each business, individual, or entity to which the Board had provided loans or other financial assistance from March 2008 to the present under Section 13 of the Federal Reserve Act, 12 U.S.C. § 343, or any other authority of the Board.  (Compl. ¶¶ 1-2, 24; Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem.") at 2.) The Board sent a letter to CREW dated March 6, 2009 acknowledging receipt of the request, though not informing CREW whether the Board approved CREW's request for expedited processing.  Crew received the letter on March 9, 2009.  (Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 5.)  The Board alleges that around the same time it acknowledged receiving the FOIA request, the Board approved CREW's requests to waive the fee associated with FOIA requests and to expedite processing, but did not then inform CREW of this decision, expecting that it could respond to the request for expedition within the required ten calendar days under 5 U.S.C. § 552(a)(6)(E)(ii)(I).  (Def.'s Mem. at 2, n. 1.) CREW states that because it had not received a substantive response to the document request by what it considered the 20th business day, Tuesday, March 31, 2009, it filed the instant

action on Monday, April 6, 2009.[2] However, the Board states that on March 31, 2009, it notified CREW that it was going to extend its period of response by ten days, as is allowed under 5 U.S.C. § 552(a)(6)(B)(i), because it needed to consult with another agency and/or other components of the Board. CREW acknowledges that it received a letter from the Board informing CREW about the ten-day extension, but CREW alleges that the letter was postmarked Thursday, April 2, 2009. (See Def.'s Mem. at 2-3; Pl.'s Opp'n at 6-7.) The Board mailed a letter substantively responding to CREW on April 14, 2009, stating that the Board would provide some of the requested information, but that it would withhold approximately 11,054 pages of responsive information under FOIA exemptions 4 and 5. The letter notified CREW of its right to file an administrative appeal under the Board's rules. The Board sent the responsive documents to CREW on April 17, 2009. (Def.'s Mem. at 3.) CREW filed no appeal. (Id. at 2.)

This action, filed on April 6, 2009, alleges that the Board failed to produce any records within the statutory time limit for processing CREW's request. (Compl. ¶ 38.) The Board moves to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6)

---

[2] The Board's March 6, 2009 letter to CREW provided a phone number to call to obtain information about the status of CREW's request, but CREW made no inquiry between Tuesday, March 31 and Friday, April 3, 2009. (Def.'s Reply at 5.)

because CREW failed to exhaust its administrative remedies before filing suit. (See Def.'s Mem. at 4-5.) CREW argues that it constructively exhausted its administrative remedies because the Board did not respond to its request within 20 business days of March 3, 2009, the date that CREW submitted its request. (Pl.'s Opp'n at 5.)

DISCUSSION

Generally, "motions to dismiss for failure to exhaust administrative remedies are . . . appropriately analyzed under Rule 12(b)(6)[,]" which applies to a failure to state a claim for which relief can be granted. Marshall v. Honeywell Tech. Solutions, Inc., 536 F. Supp. 2d 59, 64 n.6 (D.D.C. 2008) (quoting Hazel v. Wash. Metro. Transit Auth., Civil Action No. 02-1375 (RWR), 2006 WL 2024966, at *3 (D.D.C. Dec. 4, 2006)); see also Lewis v. United States Dep't of Justice, 609 F. Supp. 2d 80, 83 (D.D.C. 2009). "In order to survive a motion to dismiss under Rule 12(b)(6), the allegations stated in the contested portion of the plaintiff's complaint 'must be enough to raise a right to relief above the speculative level[.]'" Demery v. Montgomery County, 602 F. Supp. 2d 206, 212 (D.D.C. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). However, "when 'matters outside the pleadings are presented to and not excluded by the court' on a motion to dismiss under Rule 12(b)(6), 'the motion must be treated as one for summary judgment[.]'" Highland

Renovation Corp. v. Hanover Ins. Group, 620 F. Supp. 2d 79, 82 (D.D.C. 2009) (quoting Fed. R. Civ. P. 12(d)). "In particular . . . where both parties submit material outside the pleadings and 'the parties are not taken by surprise or deprived of a reasonable opportunity to contest facts averred outside the pleadings and the issues involved are discrete' legal issues, the court may convert [a motion to dismiss] to a motion for summary judgment 'without providing notice or the opportunity for discovery to the parties.'" Highland Renovation Corp., 620 F. Supp. 2d at 82 (quoting Tunica-Biloxi Tribe of La. v. United States, 577 F. Supp. 2d 382, 405 (D.D.C. 2008) and Smith v. United States, 518 F. Supp. 2d 139, 145, 155 (D.D.C. 2007)). Because both parties have submitted declarations outside of the pleadings that have not been excluded, the Board has completed its document production, and CREW has taken no appeal from it, the motion will be treated as one for summary judgment.

Summary judgment is appropriately granted when the moving party demonstrates that there is no genuine issue as to any material fact and that moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In considering a motion for summary judgment, [a court is to draw] all 'justifiable inferences' from the evidence . . . in favor of the nonmovant." Cruz-Packer v. Dist. of Columbia, 539 F. Supp. 2d 181, 189 (D.D.C. 2008) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 255 (1986)); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "The relevant inquiry 'is the threshold inquiry of determining whether there is a need for a trial - - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" Single Stick, Inc. v. Johanns, 601 F. Supp. 2d 307, 312 (D.D.C. 2009) (quoting Anderson, 477 U.S. at 250). A genuine issue is present where the "evidence is such that a reasonable jury could return a verdict for the non-moving party," in contrast to a situation where the evidence is "so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 248, 252.

"[E]xhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA[.]" Wilbur v. CIA, 355 F.3d 675, 676 (D.C. Cir. 2004) (internal quotations omitted). While exhaustion is not properly referred to as a "jurisdictional" issue, FOIA's "administrative scheme favors treating failure to exhaust as a bar to judicial review." Id. at 677 (internal quotations omitted). When an agency fails to answer a request for information within 20 days, the requester has constructively exhausted its administrative remedies and judicial review is allowed. See 5 U.S.C. § 552(a)(6)(C); Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1310 (D.C. Cir. 2003) (citing Oglesby v.

U.S. Dep't of Army, 920 F.2d 57, 64-65 (D.C. Cir. 1990)).

However, when an agency responds to the request after the

twenty-day statutory window but before the requester initiates a

lawsuit, the administrative exhaustion requirement still applies

and judicial review is barred.  Judicial Watch, 326 F.3d at 1310.

The constructive exhaustion principle is not designed to

encourage a requestor to file a lawsuit in order to replace an

agency's authority with judicial oversight.  See Lowe v. Drug

Enforcement Agency, Civil Action No. 06-1133 (CKK), 2007 WL

2104309, at *4 (D.D.C. July 22, 2007) (citing Oglesby, 920 F.2d

at 64 n.8).  "Thus, a finding of constructive exhaustion is not

appropriate where it would be 'contrary to orderly procedure and

good administration and unfair to those who are engaged in the

tasks of administration to decide an issue which [an agency]

never had a fair opportunity to resolve prior to being ushered

into litigation.'"  Lowe, 2007 WL 2104309 at *4 (quoting Dettmann

v. U.S. Dep't of Justice, 802 F.2d 1472, 1476 (D.C. Cir. 1986))

(internal quotations omitted).  An agency is allowed to extend

the deadline for its response by an additional ten-days in

"unusual circumstances," including, as the Board relied upon

here, "the need for consultation . . . with another agency having

a substantial interest in the determination of the request or

among two or more components of the agency having substantial

subject-matter interest therein."  5 U.S.C. § 552(a)(6)(B)(i).

The Board asserts that on March 31, 2009, it notified CREW that it was going to extend its period of response by ten days because it needed to consult with another agency and/or other components of the Board. CREW acknowledges that it received a letter from the Board of Governors informing CREW about the ten-day extension, but CREW alleges that the letter was postmarked April 2, 2009, and that it did not receive the Board's letter until April 6, 2009, the same date it filed this action. (See Def.'s Mem. at 2-3; Pl.'s Opp'n at 6-7.)

As an initial matter, CREW does not provide any authority for the proposition that the operative date of the Board's response should be determined by the date that CREW received it, as opposed to the date that the Board sent it. Regardless whether the date of March 31, 2009, or the date of April 2, 2009, is used as the date that the Board is deemed to have sent the letter, the Board "responded" by placing in the mail written notice regarding its ten-day working extension of its deadline to respond to CREW's request before CREW filed this action. (See Def.'s Mem. Ex. 1, Thro Decl. at ¶ 9; Pl.'s Opp'n Ex. 3, Weismann Decl. at ¶ 5.) Administrative exhaustion, then, was still a prerequisite to maintaining a suit. Judicial Watch, 326 F.3d at 1310. It would be contrary to orderly procedure and good administration of FOIA cases to entertain a suit filed prematurely and to excuse CREW from having to exhaust its

administrative remedies in this case.  Since CREW did not exhaust its administrative remedies before filing this suit, and chose not to do so after the Board completed its responsive document production, the Board's motion to dismiss for failure to exhaust administrative remedies, treated as a motion for summary judgment, will be granted.

### CONCLUSION

Because this court lacks jurisdiction over the claim regarding expedited processing,[3] and because the plaintiff failed to exhaust its administrative remedies, the defendant's motion [4] to dismiss, treated in part as a motion for summary judgment, will be granted.  A final order accompanies this memorandum opinion.

SIGNED this 19th day of November, 2009.


                                    /s/
                              RICHARD W. ROBERTS
                              United States District Judge

---

[3]  While CREW seeks in a footnote attorneys' fees associated with the claim (see Pl.'s Opp'n at 12 n.10), CREW provides no legal support for such relief, nor does it explain why it did not call the Board using the phone number the Board provided to check the status of its request before incurring the expenses of filing the claim.  By that point, expedition had been granted.