**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
RAMONA JOHNSON, et al.,        )
                               )
        Plaintiffs,            )
                               )
        v.                     )    Civil Action No. 07-2192 (RWR)
                               )
JANET NAPOLITANO,_____     )
                               )
        Defendant.             )
_____)
```

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Ramona Johnson and her husband Tony Ball bring this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), against the Secretary[1] of the Department of Homeland Security ("DHS"), alleging that the Secret Service, a DHS agency, unlawfully retaliated against Johnson because Ball pursued a discrimination class action and an equal employment opportunity ("EEO") complaint of discrimination against the Secret Service.  DHS has moved to dismiss Johnson as a plaintiff under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, alleging that Johnson cannot maintain a cause of action under § 2000e-3(a) because she did not oppose personally an unlawful employment practice or participate in a protected activity, and that Johnson

---

[1] Janet Napolitano is substituted as the defendant under Fed. R. Civ. P. 25(d).

was not perceived as having participated in Ball's activities. Treated as a motion for summary judgment, DHS's motion will be denied because a genuine dispute exists over the material fact of whether the Secret Service perceived Johnson as having participated in Ball's protected activities and retaliated against her for her participation.

BACKGROUND

Plaintiffs Johnson and Ball are married Secret Service employees who used to reside together in the District of Columbia. (Consol. Compl. ¶¶ 6, 13.) Ball is a member of a class of African-American Secret Service special agents who filed in 2000 a pending employment discrimination lawsuit ("Moore"). (Id. at 2.) In 2005, Ball filed an EEO complaint of discrimination against the Secret Service, alleging that he was denied a promotion because he is African-American. (Id. ¶ 7.) Later, Ball was offered a different promotion, but was notified that to accept the promotion, he would have to relocate to a Miami, Florida field office. (Id. ¶ 8.) Ball's EEO complaint included allegations that the Secret Service frequently treated African-American special agents differently by requiring them to relocate from the Washington, D.C. area to receive promotions. (Id. ¶ 9.)

Over the course of six months, Secret Service supervisors continuously told Ball and Johnson that she also would be

transferred to the Miami office in order to be able to continue to reside with Ball. (Id. ¶¶ 11-14, 17-19.) Such a transfer reflected established practice within the Secret Service. (Id. ¶ 10.) Ball relocated to the Miami office in April 2006, and he requested a hearing with an EEOC Administrative Judge regarding his 2005 EEO complaint in June 2006. (Id. ¶¶ 16, 21.) In July 2006, however, the Secret Service abruptly notified Johnson that she no longer would be transferred, and has persisted in refusing to transfer her. (Id. ¶¶ 22, 26.)

After filing her own EEO complaint alleging retaliation and exhausting all administrative remedies (Johnson Compl. ¶ 29), Johnson brought this action under 42 U.S.C. § 2000e-3(a), claiming that the refusal to transfer her was unlawful "retaliation for having complained about racial discrimination in employment" (Id. ¶ 1), and arose from Ball's ongoing "participation as a member in [the] class action" and continued pursuit of his EEO complaint after his promotion. (Id. ¶¶ 2, 9, 27.) Ball filed a parallel action which has been consolidated with Johnson's. DHS has moved under Rule 12(b)(6) to dismiss Johnson as a plaintiff, arguing that § 2000e-3(a) does not recognize third party retaliation claims and that the Secret Service never perceived Johnson as a participant in Ball's EEO complaint. (Def.'s Mem. in Supp. of Mot. to Dismiss Ramona Johnson as a Pl. at 1; Reply in Supp. of Def.'s Mot. to Dismiss

Ramona Johnson as Pl. ("Def.'s Reply") at 9.) Johnson opposes, arguing that the statute recognizes a retaliation claim based on a third party's protected activity, and that the Secret Service viewed Johnson as a participant in her husband's protected EEO activity as a class member in the related discrimination class action, as evidenced by DHS's decision to notice her deposition in that lawsuit. (See Pl. Ramona Johnson's Opp'n to Mot. to Dismiss ("Pl.'s Opp'n") at 15.)

## DISCUSSION

A complaint will be dismissed under Rule 12(b)(6) when a plaintiff fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, acceptable as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, "[w]hen 'matters outside the pleadings are presented to and not excluded by the court' on a motion to dismiss under Rule 12(b)(6), 'the motion must be treated as one for summary judgment[.]'" Highland Renovation Corp v. Hanover Ins. Group, 620 F. Supp. 2d 79, 82 (D.D.C. 2009) (quoting Fed. R. Civ. P. 12(d)). Because Johnson has submitted from outside the pleadings a deposition notice that has not been excluded, DHS's motion will be treated as one for summary judgment.

Summary judgment is granted when the moving party demonstrates that there is no genuine issue as to any material fact and that moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, a court must draw all justifiable inferences in favor of the nonmovant. Cruz-Packer v. District of Columbia, 539 F. Supp. 2d 181, 189 (D.D.C. 2008). "A genuine issue is present where the 'evidence is such that a reasonable jury could return a verdict for the non-moving party,' in contrast to a situation where the evidence is 'so one-sided that one party must prevail as a matter of law.'" Citizens For Responsibility and Ethics in Wash. v. Bd. of Governors of the Fed. Reserve Sys., Civil Action No. 09-633 (RWR), 2009 WL 3859700, at *2 (Nov. 19, 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

Title VII prohibits employers from taking retaliatory actions against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). DHS argues that Johnson's complaint should be dismissed because Title VII does not protect family members who are retaliated against based on the protected activity of their spouse. Some courts considering the scope of § 2000e-3(a) and other similar anti-

retaliation statutes have found that the statutes' plain language "requires that the person retaliated against also be the person who engaged in the protected activity[,]" see Fogleman v. Mercy Hosp., Inc., 283 F.3d 561, 568 (3d Cir. 2002) (discussing the ADEA), and provides no "'piggyback' protection" of spouses "who . . . did not engage in protected activity, but who [are] merely associated with another employee who did oppose an alleged unlawful employment practice." Thompson v. N. Am. Stainless, LP, 567 F.3d 804, 816 (6th Cir. 2009) (en banc) (discussing Title VII); see also Holt v. JTM Indus., Inc., 89 F.3d 1224, 1226 (5th Cir. 1996) (discussing the ADEA[2]); Smith v. Riceland Foods, Inc., 151 F.3d 813, 819 (8th Cir. 1998) (discussing Title VII).

Johnson asserts that Title VII's anti-retaliation provision should be read to protect her, citing for support DeMedina v. Reinhardt, 444 F. Supp. 573 (D.D.C. 1978). DeMedina held that a wife could bring a retaliation claim for actions taken against her in response to protected activities engaged in by her husband exclusively. 444 F. Supp. at 580-81. There, the plaintiff brought a claim under Title VII alleging that she applied for and was denied a number of positions within the United States Information Agency based on her husband's anti-discrimination

---

[2] "The anti-retaliation provisions of the ADEA and Title VII are similar and 'cases interpreting the latter provision are frequently relied upon in interpreting the former.'" Holt, 89 F.3d at 1226 n.1 (quoting Shirley v. Chrysler First, Inc., 970 F.2d 39, 42 n.5 (5th Cir. 1992)); see also Thompson, 567 F.3d at 809 n.3.

activities.  See Id. at 574, 580.  Focusing on congressional intent, DeMedina stated that "Congress unmistakably intended to ensure that no person would be deterred from exercising his rights under Title VII by the threat of discriminatory retaliation."  Id. at 580.  The court further stated that a strict reading of Title VII "would produce absurd and unjust results, for while plaintiff's husband might be in a position to seek injunctive relief to prohibit future reprisals against his spouse, he would certainly not be in a position to seek back pay and/or retroactive promotion based on his spouse's employment denial."  Id.  And Crawford v. Metro. Gov't of Nashville and Davidson County, Tenn., 129 S. Ct. 846 (2009), examined whether § 2000e-3(a) protects "an employee who speaks out about discrimination not on her own initiative, but in answering questions during an employer's internal investigation."  129 S. Ct. at 849.  The Court extended Title VII's anti-retaliation provision to employees in that circumstance.

Here, the debate may be academic since Johnson's complaint includes an allegation that she was retaliated against because she complained about racial discrimination in employment. (Johnson Compl. ¶ 1.)  In any event, Johnson contends that even if § 2000e-3(a) is interpreted to provide a cause of action only for those who personally participate in protected activity, she nonetheless has alleged sufficient facts -- namely, DHS's

decision to notice her deposition in <u>Moore</u> -- to demonstrate that the Secret Service perceived her as having participated in her husband's action and retaliated against her based upon this perception. The Third Circuit has embraced a perception theory of retaliation. <u>See</u> <u>Fogleman</u>, 283 F.3d at 571-72; <u>but see</u> <u>McKinney v. Bolivar Med. Ctr.</u>, 341 Fed. Appx. 80, 83 (5th Cir. 2009) (noting that "the Fifth Circuit has not adopted this perception theory of retaliation" and "nothing in the record suggests that [the defendant] believed [the plaintiff] to be engaged in protected activity or that it terminated him for that reason"). <u>Fogleman</u> stated that a perception theory is not contradicted by the statute's plain language; rather it is supported by § 2000e-3(a)'s language. The statute "focus[es] on the employer's subjective reasons for taking adverse action against an employee[.]  [Thus,] it matters not whether the reasons behind the employer's discriminatory animus are actually correct as a factual matter." <u>Fogleman</u>, 283 F.3d at 571.  For example, if

> an employer refuses to hire a prospective employee because he thinks that the applicant is a Muslim[,] [t]he employer is still discriminating on the basis of religion even if the applicant he refuses to hire is not in fact a Muslim.  What is relevant is that the applicant, whether Muslim or not, was treated worse that he otherwise would have been for reasons prohibited by the statute.

<u>Id.</u>

In support of her argument, Johnson states that "[l]ong before plaintiff Johnson filed this claim . . . , defendant noticed Ms. Johnson for deposition in the <u>Moore</u> . . . litigation, even though Ms. Johnson, who is not a Special Agent, was *not* a member of that class."  (Pl.'s Opp'n at 15.)  DHS, on the other hand, argues that there is no basis to conclude that the Secret Service perceived Johnson to be a witness at the time it allegedly retaliated against Johnson because

> Johnson was not even employed by the Secret Service at the time her husband was denied the promotion at issue; she was not employed by the agency at the time her husband initiated the EEO process; and there is no allegation in the Complaint that Johnson assisted Ball . . . with his EEO Complaint.

(Def.'s Reply at 9.)  DHS further argues that "the allegedly retaliatory act in this case (not transferring Johnson to Miami) occurred in July 2006, four months *before* the Secret Service noticed Johnson's deposition in the *Moore* case."  (<u>Id.</u> at 10.)

DHS's arguments, however, miss the mark.  It was not necessary for Johnson to have been employed by the Secret Service at the time Ball was denied the promotion or initiated his complaint for the Secret Service to have perceived Johnson, once she was hired, as having participated in Ball's protected activities.  The complaint states that the defendant abruptly refused to transfer Johnson the month after Ball filed his request for a hearing with an EEOC administrative judge.  (Consol. Compl. ¶¶ 21-22.)  That the complaint does not allege

that Johnson assisted Ball with his EEO complaint is of no moment for at least two reasons. It is irrelevant to the issue of whether the Secret Service <u>perceived</u> Johnson as having participated in Ball's EEO complaint. A perception theory of retaliation does not rest on whether the employee actually asserts participation in a protected activity; rather, the theory applies so long as the employer believed that the employee was engaged in protected activity. See <u>Fogleman</u>, 283 F.3d at 565. Also, Ball's protected activities identified in the complaint were not limited to his EEO complaint. (See Pl.'s Opp'n at 15 ("defendant identified [Johnson] as a witness in connection with her [husband's] <u>claims</u>[,]" citing <u>Moore</u>) (emphasis added).)

Moreover, that the defendant did not seek to depose Johnson until after the alleged retaliatory act took place means little. The sequence could hardly have been otherwise. A party could not be expected to notice the deposition of an employee perceived as assisting in a spouse's claim before the perception arises. Nor does the sequence mean that at the time of the retaliatory act, there can be no inference that the defendant perceived Johnson as a participant in her husband's claims. In addition to Johnson's assertion that the defendant noticed her deposition and thus believed her to be a witness in Ball's protected activities, the complaint alleges sufficient facts to raise an inference that the defendant perceived her as participating in Ball's action. The

complaint alleges that the Secret Service knew that Ball and Johnson were married; that shortly after Ball requested an EEOC hearing, Johnson was notified that her transfer would not take place; and that plaintiffs' supervisors commented repeatedly to Johnson about Ball's administrative action. (Consol. Compl. ¶¶ 21-24.)

Johnson has raised a genuine issue as to whether the Secret Service perceived her as having played a role in her husband's complaint. See, e.g., Fogleman, 283 F.3d at 572 (noting that the district court should have considered plaintiff's perception theory of retaliation, which was supported by evidence of the defendant's somewhat colder demeanor toward the plaintiff after the plaintiff's father filed a discrimination lawsuit and after the defendant circulated a memo related to the lawsuit, the defendant's repeated questioning of the plaintiff about the lawsuit, and the plaintiff's termination itself). Because a genuine dispute over this material fact exists, DHS's motion will be denied.

## CONCLUSION

Whether or not 42 U.S.C. § 2000e-3(a) allows a plaintiff to bring a claim of retaliation based on the protected activity of a third party, Johnson has identified a genuine issue of material fact with respect to her claim of retaliation based on a perception theory of retaliation. Accordingly, it is hereby

ORDERED that the defendant's motion [19] to dismiss, treated as a motion for summary judgment, be, and hereby is, DENIED. It is further

ORDERED that the Clerk substitute Janet Napolitano as the defendant under Fed. R. Civ. P. 25(d).

SIGNED this 24th day of February, 2010.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge