# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2020

Lyle W. Cayce
Clerk

No. 19-20546

SOHAIL ALLAUDIN,

Plaintiff - Appellant

v.

PERRY'S RESTAURANTS, LIMITED,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-351

Before DAVIS, JONES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Plaintiff-appellant Sohail Allaudin filed this lawsuit against Perry's Restaurants, Ltd. ("Perry's") raising claims of discrimination and retaliation in violation of Title VII and the Texas Commission on Human Rights Act ("TCHRA"). The district court granted summary judgment in favor of Perry's, and Allaudin appealed. After reviewing the record and the briefs before us, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20546

## BACKGROUND

Allaudin was hired on May 4, 2016, to work as a server at one of Perry's restaurants in The Woodlands, Texas. The restaurant's General Manager, Rebecca Munns, attested that Allaudin engaged in aggressive sales tactics and had to be "verbally counseled on several occasions" that the tactics upset and annoyed guests. Consistent with this affidavit, on July 6, 2016, a customer complained to the restaurant about Allaudin's aggressive sales tactics. Allaudin acknowledged that the incident happened. He was provided an employee disciplinary form on July 8, warning him that further customer complaints of this nature would result in termination.

On July 9, 2016, another server at Perry's, Reed Goodwin, made disparaging remarks to Allaudin concerning his religion and national origin. Allaudin reported the incident to Munns, who suspended Goodwin without pay for seven days—beginning on July 12—and issued him a warning that further derogatory comments would result in his termination. When Goodwin returned to work, he allegedly boasted to Allaudin that Munns had reduced his discipline from three weeks to one because "white people . . . stick together." Allaudin claims that he reported this to Munns but that she dismissed the complaint out of hand.

On July 17, 2016, Allaudin received another customer complaint regarding his aggressive sales tactics. After following up with the guest, Munns determined that Allaudin had violated the final warning given just nine days prior and terminated Allaudin's employment with Perry's.

Allaudin then commenced the instant lawsuit, asserting claims of discrimination and retaliation under Title VII and the TCHRA. Perry's moved for summary judgment, and the district court granted Perry's motion in its entirety. The court first assumed, without deciding, that Allaudin established a prima facie case of discrimination and retaliation. The court then

2

determined that Perry's had a legitimate, nondiscriminatory reason to terminate Allaudin: his poor work performance.  Finally, the court concluded that Allaudin failed to provide "sufficient evidence to raise a genuine issue of material fact as to whether Perry's legitimate nondiscriminatory and nonretaliatory reason for terminating Allaudin was pretext for discrimination or retaliation."  Allaudin appealed the adverse judgment.

## STANDARD OF REVIEW

We review a district court's grant of summary judgment *de novo*, applying the same standard on appeal as applied below.  *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  "[T]his court construes 'all facts and inferences in the light most favorable to the nonmoving party.'"  *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)).  But "[s]ummary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence."  *Id.*  "We may affirm the district court's summary judgment on any ground raised below and supported by the record."  *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 478 (5th Cir. 2008).

## DISCUSSION

We evaluate Allaudin's claims of discrimination and retaliation under the familiar *McDonnell Douglas* framework.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S. Ct. 1817, 1824–25 (1973); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001) ("The analytical framework for a retaliation claim is the same as that used in the employment discrimination

context.").[1]  First, Allaudin must establish a prima facie case of discrimination and retaliation.  *McDonnell Douglas*, 411 U.S. at 802, 93 S. Ct. at 1824. Second, Perry's must offer a legitimate, nondiscriminatory and nonretaliatory reason for its decision.  *Id.*  And third, if Perry's carries its burden, Allaudin must demonstrate that Perry's asserted reason is mere pretext for unlawful discrimination or retaliation.  *Id.* at 804.  Pretext can be established by showing disparate treatment or by demonstrating that Perry's proffered explanation is false or unworthy of credence.  *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

We, like the district court, assume that Allaudin has satisfied his burden of establishing a prima facie case of discrimination and retaliation.  And we agree with the district court that Perry's has offered a legitimate, nondiscriminatory and nonretaliatory reason for Allaudin's termination.  *See Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 231 (5th Cir. 2015) ("We have repeatedly held that a charge of 'poor work performance' is adequate when coupled with specific examples.").  The only question left to resolve, then, is whether Perry's stated reason for Allaudin's termination was pretext for unlawful discrimination or retaliation.

Allaudin contends that it was.  For support, he first points to the temporal proximity of his initial complaint to Munns and his termination.  But Allaudin also recognizes that "[t]iming standing alone is not sufficient absent other evidence of pretext."  *Boyd v. State Farm Ins. Cos.*, 158 F.3d 326, 330 (5th Cir. 1998).  He thus avers that he was disparately treated and that Perry's stated reason for his termination is not credible.

---

[1] Allaudin brought discrimination and retaliation claims under both Title VII and the TCHRA.  However, the law governing each set of claims is identical.  *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 n.2 (5th Cir. 1999).  We thus limit our discussion to the framework used for resolving Title VII claims.

Allaudin's claim of disparate treatment fails because he offers no evidence that Perry's gave or would have given preferential treatment to another employee under "nearly identical" circumstances. *See Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001); *cf. Feist v. La., Dep't of Justice, Office of the Attorney Gen.*, 730 F.3d 450, 455 (5th Cir. 2013) ("[W]hile Feist may dispute the egregiousness of her errors at work, she offers no evidence that LDOJ would not have terminated another employee for the same mistakes.").

As for his claim that Perry's fabricated the customer complaint resulting in his termination, this amounts to nothing more than a conclusory allegation and is insufficient to create an issue of material fact precluding summary judgment.  Allaudin offers no evidence that the July 17 customer complaint was invented by Perry's.  Although he asserts that Perry's refused to produce the identity of the complaining customer, a magistrate judge specifically ordered Perry's to disclose the identity of the guest and advised Allaudin that he could file a motion to depose the guest.  Allaudin took no action.  His claim that Perry's somehow hid the guest's identity is thus disingenuous.  Allaudin also complains about the manner in which Perry's produced the July 17 customer complaint, arguing that its authenticity should be questioned because it was attached to a month-old customer review.  This assertion is nonsensical and immaterial.  Perry's explained in the district court and on appeal that the two reviews Allaudin references are unrelated and were simply copied and pasted onto a single page for ease of production.  In short, all Allaudin offers are conspiratorial allegations.  His failure to substantiate those allegations with competent evidence is fatal to his argument. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2510 (1986) ("[I]n the face of the defendant's properly supported motion for summary judgment, the plaintiff [cannot] rest on his allegations of a conspiracy to get a jury without

'any significant probative evidence tending to support the complaint.'" (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290, 88 S. Ct. 1575, 1593 (1968))); *cf. Waggoner v. City of Garland*, 987 F.2d 1160, 1166 (5th Cir. 1993) (claim of fabrication failed because the plaintiff offered no evidence to support "his conclusionary allegations"); *McKinney v. Bolivar Med. Ctr.*, 341 F. App'x 80, 82 (5th Cir. 2009) (same).[2]

Allaudin also attempts to draw into question the authenticity of the July 17 guest complaint by linking it to Goodwin's comment that "white people . . . stick together" and Munns's allegedly dismissive behavior when Allaudin reported Goodwin's comment. But the July 17 customer review pre-dated Goodwin's return to work. To the extent Allaudin claims that his termination resulted from his initial complaint about Goodwin, it's important to recall that the critical final warning was issued on July 8, before Goodwin's derogatory comments.

In a final effort to question Perry's reliance on the July 17 guest complaint, Allaudin claims that the district court erred when it overruled his hearsay objection to admission of the complaint. Under any standard of review, however, the district court did not err. *See United States v. Sanders*, 343 F.3d 511, 517 (5th Cir. 2003) ("We review a district court's evidentiary rulings for abuse of discretion."). The July 17 customer complaint was not offered for "the truth of the matter asserted" therein. Fed. R. Evid. 801(c)(2). Rather, it was offered to show that Perry's received another customer complaint after Allaudin had been warned that any future complaint regarding

---

[2] Allaudin correctly notes that the Supreme Court has said that, "[i]n appropriate circumstances, the trier of fact can reasonably infer from the falsity of the [employer's] explanation that the employer is dissembling to cover up a discriminatory purpose." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147, 120 S. Ct. 2097, 2108 (2000). This statement, however, is premised on the plaintiff first offering proof that the employer's explanation "is unworthy of credence." *Id.* Allaudin has not satisfied this precondition.

his sales tactics would result in his termination.  Thus, the July 17 customer review does not constitute hearsay evidence.  *See United States v. Cent. Gulf Lines, Inc.*, 747 F.2d 315, 319 (5th Cir. 1984) ("Evidence introduced to prove merely that notice was given is not offered to prove the truth of the matter asserted therein and, therefore, is not hearsay.").

For the foregoing reasons, we conclude that Allaudin has failed to adduce evidence that would permit a reasonable trier of fact to find that Perry's proffered reason for his termination was a pretext for discrimination or retaliation.  *See Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998).  The district court's summary judgment is **AFFIRMED**.